SOLOMON B. CERA (State Bar No. 99467)
GWENDOLYN R. GIBLIN (State Bar No. 181973)
THOMAS C. BRIGHT (State Bar No. 169713)
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 777-2230
Facsimile: (415) 777-5189
E-mail: scera@gbcslaw.com
E-mail: ggiblin@gbcslaw.com
E-mail: tbright@gbcslaw.com

Attorneys for Plaintiffs and
All Others Similarly Situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR W. TUTTLE; ERIC BRAUN; THE BRAUN FAMILY TRUST; and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>SKY BELL ASSET MANAGEMENT, LLC; et al.<br><br>     Defendants. | Case No.: 10-CV-03588 WHA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND RENEWED MOTION TO REMAND THIS ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 13, 2011<br>Time: 8:00 a.m.<br>Courtroom 9, 19th Floor |

Motion for Leave to File Amended Complaint / Renewed Motion to Remand
[10-CV-03588 WHA]
#123258

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, January 13, 2011 at 8:00 a.m., or as soon thereafter as this matter may be heard, in the Courtroom of the Honorable William H. Alsup, at the United States Courthouse, 450 Golden Gate Avenue, Courtroom 9, 19th Floor, San Francisco, California, Plaintiffs Edgar W. Tuttle, Eric Braun, The Braun Family Trust, and Wendy Meg Siegel (collectively, "Plaintiffs") will, and hereby do: (1) move for an Order granting leave to file an amended complaint; and (2) renew their motion to remand this action to state court (Docket No. 26).

This motion is brought pursuant to the Court's Order dated November 19, 2010 ("November 19 Order") (Docket No. 42), which permits Plaintiffs to seek leave to file an amended complaint. The renewed motion to remand is made pursuant to 28 U.S.C. §§1441 and 1447 on grounds that this Court lacks jurisdiction because Plaintiffs' claims are brought solely under California law for: (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty; (3) negligence; (4) unjust enrichment; and (5) for an accounting. In addition, the action does not involve a federal question, nor does diversity of citizenship exist.

The motion is based upon this Notice of Motion and Motion, the following memorandum of points and authorities, the papers filed in support of Plaintiffs' original motion to remand (Docket Nos. 26, 27, 34, 35), the argument of counsel, all papers and records on file, and any other oral and documentary evidence that may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs' Amended Complaint, attached as Exhibit A, does not in any way suggest that this case is based on alleged false or misleading statements made to Plaintiffs and the Class members. Any representation that could be construed as false or misleading has been removed or explained more clearly to focus on the gravamen of Plaintiffs' claims, *i.e.,* they entrusted their

money to the Sky Bell Defendants and the General Partner Defendants, but the Defendants failed to fulfill their fiduciary obligations, resulting in damages.  The Amended Complaint and a redlined version of the original Complaint (attached as Exhibit B) should resolve the issues identified in the Court's November 19 Order, thereby requiring that this action be remanded to the Superior Court for the State of California, County of San Francisco, where this action was originally and properly filed.

## II. THE AMENDED COMPLAINT DEMONSTRATES THAT THIS COURT LACK SUBJECT MATTER JURIDICTION OVER THIS ACTION

### A. Applicable Standards

Granting leave to amend a complaint that might otherwise be subject to the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §78bb(f), is appropriate.  *See* Order at 9 (and cases cited therein).  Courts have done so "to allow a plaintiff to avoid inadvertently pleading a federal claim."  *Simon v. Stang*, No. 10-cv-0262, 2010 WL 1460430, at * 8 (N.D. Cal. Apr. 10. 2010) (Fogel, J.).  Thus, granting Plaintiffs' motion for leave to file an amended complaint is procedurally appropriate.

If the Amended Complaint does not fall within the bounds of SLUSA, it "shall" be remanded to state court.  15 U.S.C. 15 U.S.C. 78bb(f)(3)(D).  Furthermore, the removing party – here, Defendants – bears the burden of establishing that the federal court properly has jurisdiction.  *Ange v. Templer*, 418 F.Supp.2d 1169, 1171 (N.D. Cal. 2006) (Alsup, J.).  "The removal statutes are strictly construed such that any doubts are resolved in favor of remand."  *Id.*  Accordingly, in the instant matter, the burden is on the Defendants, not Plaintiffs.  They cannot satisfy this burden, requiring the remand of this case.

### B. The Amended Complaint Overcomes the Issues Identified In The Court's November 20, 2010 Order

SLUSA applies only to cases that allege misrepresentations or omissions of fact or involve manipulative or deceptive contrivances.  15 U.S.C. §78bb(f)(1)-(2).  Thus, the relevant question is whether the claims stated in the Amended Complaint are: (1) essentially a securities

Motion for Leave to File Amended Complaint / Renewed Motion to Remand     2
[10-CV-03588 WHA]
#123258

fraud claim based on misrepresentations or manipulative conduct, thereby invoking SLUSA; or (2) state law claims for breach of fiduciary duty and related claims, thereby requiring remand to state court.  As the Court explained in its November 19 Order:

> Securities fraud claims involve an intent to deceive at the time of the suspect representation or omission.  *See, e.g., Merk & Co., Inc. v. Reynolds*, 130 S.Ct. 1784, 1796-97.  State law claims for mismanagement of investment funds, such as for breach of fiduciary duty or contract, by contrast, involve a failure to live up to a promise after that promise is made or violating the standards of care of such fiduciaries.  *See, e.g., Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal. Rptr. 2d 861, 863-64 (Cal. Ct. App. 1991). The former is precluded under the SLUSA.  The latter is not. SLUSA was intended to root out fraud claims pled as state-law mismanagement claims but not to preclude state-law management claims.

(November 19 Order at 5.)

In its November 19 Order, the Court found that "[t]he essence of the allegations . . . is that defendants misrepresented the manner in which plaintiffs' money was to be invested." (Order at 7-8.)  However, Plaintiffs did not intend that their allegations in support of claims for breach of fiduciary duty and related claims be construed in that manner.  Thus, mindful of the analysis in the Court's November 19 Order, Plaintiffs have amended their complaint to remove any question regarding the nature of their claims.

The Amended Complaint does **not** allege that the Sky Bell Defendants or the General Partner Defendants defrauded or made false representations to the Limited Partners.  More specifically:

- Much of the detail regarding the Ponzi schemes run by Bernard Madoff and Thomas Petters was eliminated.  The claims in this lawsuit do not relate to the conduct of Madoff or Petters.  The case is against only those who were directly involved with Plaintiffs' investments, and not the intermediaries through which their money was funneled.

Motion for Leave to File Amended Complaint / Renewed Motion to Remand    3
[10-CV-03588 WHA]
#123258

- The entire section regarding Gary Marks' book *Rocking Wall Street* was removed. In doing so, Plaintiffs seek to eliminate any question as to whether representations made in that book could be construed as false or misleading statements.

- Throughout the Amended Complaint, all statements that potentially could be construed as false or misleading were omitted. In some instances, words, sentences, or paragraphs were deleted. Elsewhere, language was clarified to focus more directly on the representation's connection to the defendants' fiduciary duties.

- Throughout the Amended Complaint, further explanation is provided to explain how the Defendants' conduct constituted a breach of fiduciary duty, *i.e.*, the defendants (a) had a fiduciary obligation to safeguard and properly manage the investors' money; (b) breached that duty; and (c) caused the Limited Partners to be damaged as a result.

The redlined version of the original Complaint (*see* Ex. B) identifies exactly what changes were made.

The Amended Complaint also differs from those in *Levinson v. PSCC Services, Inc.,* No. 09-cv-0269, 2009 WL 5184363 (D. Conn. Dec. 23, 2009) and *Barron v. Igolnikov*, No. 09-cv-4417, 2010 WL 882890 (S.D.N.Y. Mar. 10, 2010), which are discussed in this Court's November 19 Order at pages 6-7. In the complaint in *Levinson*:

> . . . the crux of Plaintiffs' allegations is that **Defendants caused Plaintiffs to make poor investment decisions. Defendants' misrepresentations** regarding the safety of Plaintiffs' investments induced Plaintiffs to choose Defendants as their investment advisor and the custodian of their funds, **to authorize Defendants to invest their funds with Madoff**, and to continue this arrangement until Madoff's fraud was uncovered.

*Levinson*, 2009 WL 5184363, at *11 (emphasis added). The Court in *Barron,* 2010 WL 882890, at *5 similarly concluded that "plaintiff's various claims allege a 'misrepresentation or

Motion for Leave to File Amended Complaint / Renewed Motion to Remand          4
[10-CV-03588 WHA]
#123258

omission,'" which put the complaint within the scope of SLUSA.  Here, however, the Amended Complaint does **not** allege that the Limited Partners acted or relied on misrepresentations.  The focus is on how they entrusted their money to Defendants to manage in accordance with their fiduciary obligations.  Rather than claiming they were lied to, the Limited Partners contend that these defendants were lax in their conduct, or perhaps lacked the requisite skill, to fulfill their fiduciary obligations.  Furthermore, this case also includes **all** of the investments into which Limited Partners' money was imprudently invested.  The allegations mentioning Madoff and Petters are mere **examples** of how the Sky Bell Defendants and General Partner Defendants failed to conduct adequate due diligence, among other things.  Unfortunately, the Limited Partners also have lost substantial amounts of money in other investments made by the Sky Bell Defendants and the General Partner Defendants.

"[T]o require plaintiff to litigate a securities fraud action when such an action was not intended would work a manifest injustice."  *Abada v. Charles Schwab & Co., Inc.*, 127 F.Supp.2d. 1101, 1103 (S.D. Cal. 2000); *cf. Ange*, 418 F. Supp.2d at 1173 ("defendant's arguments suffer from an attempt to translate every issue . . . into a federal question").  Here, the Plaintiffs did not – and still do not -- intend to state a federal claim.  They seek recourse under California state law.  To the extent the original Complaint was ambiguous in any way, the Amended Complaint now makes it very clear that this action asserts **only** breach of fiduciary duty and related claims under state law.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) accept the Amended Complaint, in the form attached hereto as Exhibit A, for purposes of determining whether federal jurisdiction exists in this action; and (2) grant Plaintiffs' renewed motion to

//

//

//

Motion for Leave to File Amended Complaint / Renewed Motion to Remand            5
[10-CV-03588 WHA]
#123258

remand the action to the Superior Court of California, County of San Francisco, where it was originally and properly filed.

Dated: December 3, 2010

GOLD BENNETT CERA & SIDENER LLP

/s/Gwendolyn R. Giblin

Solomon B. Cera
Gwendolyn R. Giblin
Thomas C. Bright
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: (415) 777-2230
Fax: (415) 777-5189

Counsel for Plaintiffs and
all others similarly situated