1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   EDGAR W. TUTTLE, ERIC BRAUN; THE              No. C 10-03588 WHA
     BRAUN FAMILY TRUST; and WENDY MEG
11   SIEGEL, on behalf of themselves and all other
     similarly situated,
12
                 Plaintiffs,                           ORDER GRANTING
13                                                     PLAINTIFFS' MOTION TO
           v.                                          EFFECT SERVICE OF PROCESS
14                                                     THROUGH COUNSEL FOR THE
     SKY BELL ASSET MANAGEMENT, LLC,                   GREENBERG DEFENDANTS
15   GARY R. MARKS, GEOFFREY M. KITSCH,
     MICHAEL SELL, AGILE SKY ALLIANCE
16   FUND, LP, AGILE SKY ALLIANCE FUND GP,
     LLC, AGILE GROUP LLC, GREENBERG &
17   ASSOCIATES, INC., d/b/a AGILE INVESTORS,
     INC., NEAL GREENBERG, EDEN
18   ROCK FINANCE FUND, LP, SOLID ROCK
     MANAGEMENT LIMITED, ERCM LLP,
19   SANTO VOLPE, ERNST & YOUNG LLC,
     NIGHT WATCH PARTNERS, LP, SKY BELL
20   OFFSHORE PARTNERS, LTD., PIPELINE
     INVESTORS, LP, SKY BELL SELECT, LP,
21   WAILED PARTNERS, LP, WAILED CAPITAL
     GP, LLC, WAILED ADVISORS, LP, PROSPECT
22   CAPITAL, LLC, WILLIAM BELHUMEUR,
     ROTHSTEIN KASS & COMPANY, P.C.,
23   MCGLADREY & PULLEN, LLP,

24               Defendants.

25   _____/

26          Plaintiffs have filed an administrative motion requesting authorization to effect service of

27   process through counsel for defendants Neal Greenberg and Greenberg & Associates, Inc. d/b/a

28   Agile Investors, Inc. (Dkt. No. 70).  The complaint alleges: "Neal R. Greenberg [] is a principal of

     Greenberg & Associates, Inc. d/b/a/ Agile Investors, Inc., which controls Agile Group" (Compl. ¶

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   20).  Neal Greenberg, Greenberg & Associates, and Agile Group LLC, are all named as

2   defendants in this action.  Agile Group has already appeared, through Attorney Mark Forrester.

3   Counsel for Agile Group will not accept service for the Greenberg defendants.

4          Plaintiffs have attempted to serve the Greenberg defendants at their place of business,

5   which was unsuccessful as the office had been abandoned, and at Neal Greenberg's home, which

6   was unsuccessful as the house had been foreclosed upon.  Plaintiffs have now identified an

7   attorney named Steven Feder of Denver, Colorado, who represents Neal Greenberg in at least one

8   other matter, and who — according to statements apparently made by Feder to plaintiffs' counsel

9   herein — is "anticipated" to represent the Greenberg defendants in our matter.

10          Plaintiffs have been in contact with Attorney Feder, but Feder will not voluntarily accept

11   service on behalf of the Greenberg defendants, and we have no confirmation that he does in fact

12   represent them in our matter.  After their initial phone call in November 2010, it appears from e-

13   mails submitted in support of the instant motion that Attorney Feder has been evasive regarding

14   whether he represents the Greenberg defendants and, if not, in providing plaintiffs with

15   information about how they can otherwise effect service.  Meanwhile, plaintiffs have been unable

16   to find a current address at which the Greenberg defendants can be personally served.  Plaintiffs

17   ask the Court to bless service on Attorney Feder as effective service on the Greenberg defendants.

18          Due process requires "notice reasonably calculated, under all the circumstances, to apprise

19   interested parties of the pendency of the action and afford them an opportunity to present their

20   objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations

21   omitted).  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives

22   sufficient notice of the complaint."  *United Food & Commercial Workers Union v. Alpha Beta*

23   *Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  Our court of appeals has approved service through a

24   party's attorney in a different proceeding as "an agent impliedly authorized to accept service of

25   process on a client's behalf," so long as (i) the attorney represents the party "in a related

26   adversary proceeding," and (ii) "the totality of the surrounding circumstances demonstrates the

27   intent of the client to convey such authority."  *In re Focus Media, Inc.*, 387 F.3d 1077, 1082–83

28   (9th Cir. 2004).

**United States District Court**
For the Northern District of California

1   Serving the Greenberg defendants through Attorney Feder satisfies due process.

2   Conventional means of service have been unsuccessful.  Plaintiffs have submitted evidence

3   demonstrating that Attorney Feder is counsel for Neal Greenberg in an administrative proceeding

4   before the Securities and Exchange Commission (Giblin Decl. Exh. B).  That proceeding

5   concerns Greenberg's actions as the head portfolio manager of Agile Group, the same defendant

6   that plaintiffs herein allege Greenberg and Greenberg & Associates controlled.  Although the

7   administrative proceeding concerns different alleged violations of law, it is a related adversary

8   proceeding as it concerns the same underlying facts.

9   Moreover, Attorney Feder's own statements manifest the requisite evidence of authority

10   conveyed by the principals, the Greenberg defendants.  Attorney Feder represented to plaintiffs'

11   counsel that he is in communication with the defendants and anticipated representing them in this

12   action.  Yet he has since not been willing to voluntarily accept service on their behalf or help

13   plaintiffs otherwise effect service (Giblin Decl. ¶ 5 and Exh. C).  Viewed in conjunction with

14   Attorney Feder's representation of Neal Greenberg in the administrative proceeding, these facts

15   lead this order to conclude that Attorney Feder can properly be viewed as an agent impliedly

16   authorized to accept service on the Greenberg defendants' behalf in this proceeding.

17   Accordingly, plaintiffs' motion to effect service of process through Attorney Feder is **GRANTED**.

18   In the future all parties shall not file motions concerning substantive matters disguised as

19   motions concerning miscellaneous administrative matters under Civil Local Rule 7-11.  Although

20   by the terms of the second amended case management order, a précis was not required to precede

21   the instant motion, the parties are reminded of the précis requirement moving forward (Dkt. No.

22   69 ¶ 10).  The parties shall not evade that requirement by filing their substantive motions as

23   administrative motions.

24   **IT IS SO ORDERED.**

25

26   Dated:  February 28, 2011.   _____

27   WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE

28

3