IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN FAMILY TRUST, and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

SKY BELL ASSET MANAGEMENT, LLC, *et al.*,

    Defendants.

No. C 10-03588 WHA

**ORDER GRANTING IN PART, DENYING IN PART, AND HOLDING IN ABEYANCE IN PART DEFENDANTS' MOTIONS TO DISMISS**

## INTRODUCTION

After much motion practice, defendants make three motions to dismiss, now **GRANTED IN PART, DENIED IN PART, AND HELD IN ABEYANCE IN PART** for the reasons that follow.

## STATEMENT

Plaintiffs bring this proposed class action on behalf of owners of limited partnership units in seven limited partnerships controlled by defendants Sky Bell Asset Management, LLC, and Gary Marks, along with co-general partners in certain of the limited partnerships. After two rounds of unsuccessful motions to remand this action to state court, plaintiffs assert five claims in their first amended class action complaint: (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty; (3) negligence; (4) unjust enrichment; and (5) for an accounting (Dkt. No. 64).

The relationships between the entities involved in this action are difficult to keep straight. There are seven proposed classes, consisting of individuals with financial interests in each of seven limited partnerships. Yet the complaint defines ten groups of defendants, for a total of 25 defendants, and summarizes the relationships among them in an appendix, which shall be set forth below (with full defendant names):

| **Defendant Group:** | **Includes the Following Defendants:** |
|---|---|
| Sky Bell Defendants | Sky Bell Asset Management LLC<br>Gary Marks<br>Geoffrey Gotsch<br>Michael Sell |
| Agile Sky Defendants | Agile Sky Limited Partnership<br>Agile Sky GP<br>Agile Group<br>Greenberg & Associates Securities<br>Neal Greenberg<br>Rothstein Kass & Company, P.C.<br>Sky Bell Asset Management LLC<br>Gary Marks<br>Geoffrey Gotsch<br>Michael Sell |
| Eden Rock Defendants | Eden Rock Limited Partnership<br>Solid Rock Management Limited<br>Eden Rock Capital Management<br>Santo Volpe<br>Ernst & Young LLC<br>Sky Bell Asset Management LLC<br>Gary Marks<br>Geoffrey Gotsch<br>Michael Sell |
| Night Watch Defendants | Night Watch Limited Partnership<br>Sky Bell Asset Management LLC<br>Gary Marks<br>Geoffrey Gotsch<br>Michael Sell<br>Rothstein Kass & Company, P.C. |
| Offshore Partners | Offshore Partners Limited Partnership<br>Sky Bell Asset Management LLC<br>Gary Marks<br>Geoffrey Gotsch<br>Michael Sell |

| | |
|---|---|
| PipeLine Defendants | Pipeline Investors Limited Partnership<br>Sky Bell Asset Management LLC<br>Gary Marks<br>Geoffrey Gotsch<br>Michael Sell<br>Rothstein Kass & Company, P.C. |
| Select Defendants | Select Limited Partnership<br>Sky Bell Asset Management LLC<br>Gary Marks<br>Geoffrey Gotsch<br>Michael Sell |
| Wailea Defendants | Wailea Limited Partnership<br>Wailea Capital GP<br>Wailea Advisors<br>Prospect Capital<br>William Belhumeur<br>McGladrey & Pullen<br>Sky Bell Asset Management LLC<br>Gary Marks<br>Geoffrey Gotsch<br>Michael Sell |
| General Partner Defendants | Sky Bell Asset Management LLC<br>Agile Sky GP<br>Solid Rock<br>Prospect Capital |
| Auditor Defendants | Rothstein Kass & Company, P.C.<br>Ernst & Young LLC<br>McGladrey & Pullen |

The complaint alleges the unifying factor to be that the proposed classes are "owners of limited partnership units [] in seven limited partnerships *controlled by Defendants Sky Bell Asset Management, LLC [] and Gary R. Marks []*, along with co-general partners in some of the limited partnerships" (Compl. ¶ 1 (emphasis added)).

The various defendants have appeared in the following groups, which is relevant to explain which groups are bringing the instant motions to dismiss. The auditor defendants are Rothstein Kass (represented by counsel from Blecher & Collins and Hodgson Russ), McGladrey & Pullen (represented by counsel from Keker & Van Nest and Williams & Connolly), and Ernst & Young, which has not appeared. All of the other defendants have been referred to as "fund defendants," most of which are represented by counsel from Thomas Alexander & Forrester. Defendants Eden Rock Finance Fund, LP, Solid Rock Management Limited, and Eden Rock Capital Management LLP are represented separately by counsel from

3

Paul, Hastings, Janofsky & Walker. Defendant Neal Greenberg is represented separately by Attorneys Julian Baum and Steven Feder. Some defendants have yet to appear. Thus, the groups of defendants that have thus far appeared include: two auditor defendants, a main group of fund defendants, a group of fund defendants represented by Paul, Hastings (called the Eden Rock defendants), and Neal Greenberg.

Defendants removed this action from state court. Plaintiffs moved to remand, their motion was denied, and the order on the motion found the complaint to be precluded by SLUSA, requiring plaintiffs to move for leave to file an amended complaint in order to proceed. In conjunction with their motion for leave to file, plaintiffs filed a renewed motion to remand, which was also denied. A further case management conference was subsequently held on February 10, 2011. Only counsel for the two auditor defendants who have appeared were present. At that time, counsel for the main group of fund defendants had appeared in the case but chose not to appear at the conference. The Eden Rock defendants had been served (though they contest adequacy of service) and knew about the conference but chose not to appear. Neal Greenberg had not yet been served at the time of the conference.

At the conference, defense counsel indicated their desire to file motions to dismiss. As the assigned judge has begun a half-year, multi-defendant criminal trial, and because motion practice had already been extensive in this case, defense counsel were ordered to file a joint motion, with only five pages allotted to the fund defendants whose counsel chose not to appear. That motion was filed as set forth in the second amended case management order. The Eden Rock defendants filed a full motion apart from the joint motion from the other defendants, and the Eden Rock defendants were thereafter ordered to show cause why their motion should not be stricken for failure to comply with the second amended case management order. Subsequent to service, Neal Greenberg appeared via a joinder to the fund defendants' motion.

To recap, there are three sets of motions to dismiss, one from the auditor defendants, one from the main fund defendants, and one from the Eden Rock defendants, as well as a joinder from Neal Greenberg. These will all be addressed in this omnibus order as they concern interlocking issues. A hearing was held on the motions on April 7.

4

## ANALYSIS

**A.   AUDITOR DEFENDANTS' MOTION TO DISMISS**

The moving auditor defendants are Rothstein, Kass & Company, P.C., and McGladrey & Pullen, LLP. Ernst & Young LLC is also named as an auditor defendant but it has not appeared, though it appears to have been served (Dkt. No. 52).

The initial argument of the moving auditor defendants is that plaintiffs' claims, including aiding and abetting breach of fiduciary duty and negligence, against them are derivative, as opposed to direct, claims. Plaintiffs do not contest the general legal principles set forth by defendants governing the difference between derivative and direct suits. "A shareholder does not have standing to sue in an individual capacity for injury to [a] corporation. Such an action must be brought as a derivative action— 'an equitable remedy in which a shareholder asserts on behalf of a corporation a claim not belonging to the shareholder, but to the corporation.'" *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1188 (N.D. Cal. 2007) (Hamilton, J.) (citation omitted).

The issue of whether a claim is direct or derivative is governed by the law of the state of incorporation of the entity at issue. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 989–90 (9th Cir. 1999) (citing *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96 (1991)) ("For these standards, we turn to the law of the state of incorporation."). In our case, each of the four funds alleged to have been audited by the moving auditor defendants is a Delaware limited partnership (Compl. ¶¶ 16, 21, 29, 33, 37, 42). Thus, Delaware law governs. *See In re Verisign*, 531 F. Supp. 2d at 1188. Plaintiffs do not contest this.

Under Delaware law, whether a claim is direct or derivative is determined based on the following questions: (1) who suffered the alleged harm, the corporation or the suing stockholder individually, and (2) who would receive the benefit of the recovery or other remedy. *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2004). "The stockholder's claimed direct injury must be independent of any alleged injury to the corporation." *Id.* at 1039. "In determining the nature of the wrong alleged, a court must look to 'the body of the complaint, not to the plaintiff's designation or stated intention.'" *Kramer v. W. Pac. Indus.,*

5

*Inc.*, 546 A.2d 348, 352 (Del. 1988) (citation omitted). In addition, "[w]here all of a corporation's stockholders are harmed and would recover *pro rata* in proportion with their ownership of the corporation's stock solely because they are stockholders, then the claim is derivative in nature." *Feldman v. Cutaia*, 951 A.2d 727, 733 (Del. 2008).

As alleged, plaintiffs' claims against the moving auditors are derivative claims. As alleged, any injury that plaintiffs suffered due to the actions of the moving auditor defendants was suffered because of injury to the funds (*see* Compl. ¶ 81–82). Plaintiffs' complaint states claims on behalf of a putative class consisting of other limited partners, whom they claim also suffered losses on their investments in the funds. As alleged, it does not state any injury specific to the named plaintiffs that was not also suffered *pro rata* by all limited partners in the funds. Thus, as alleged, plaintiffs' claims against the moving auditors are derivative, rather than direct, claims. *See, e.g.*, *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 554 (N.D. Cal. 2009) ("Plaintiffs here [] identify no theory of individual injury and therefore fail to establish that their claim may be directly asserted.").

Plaintiffs state in opposition to the instant motion that they suffered "direct injuries that are not merely incidental to those of the limited partnerships" (Opp. 6). Yet plaintiffs make this assertion as to all defendants collectively, and fail to cite to any portion of the complaint that would support this statement as to the auditor defendants.

"Once state law characterizes the action as either derivative or direct, the applicable procedural rules are determined by federal law." *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987). Under Federal Rule of Civil Procedure 23.1, "a shareholder seeking to vindicate the interests of a corporation through a derivative suit must either first make a demand on the corporation's directors, or plead particularized facts showing why such a demand would have been futile." *In re Verisign*, 531 F. Supp. 2d at 1188. Plaintiffs have not alleged demand or futility.

The moving auditor defendants also argue that the claims against them should be dismissed because "an auditor's liability for general negligence in the conduct of an audit of its client financial statements is confined to the client, i.e., [sic] the person who contracts for or

6

engages the audit services." *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 406 (1992). Yet, in addition, "there is an additional class of persons who may be the practical and legal equivalent of 'clients.' It is possible the audit engagement contract might expressly identify a particular third party or parties so as to make them express third party beneficiaries of the contract. Third party beneficiaries may under appropriate circumstances possess the rights of parties to the contract." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1079 (9th Cir. 2009) (quoting *Bily*).

At the hearing, plaintiffs argued that they could state claims against the auditor defendants based on this theory, though they acknowledged they had not yet. Because, as alleged, plaintiffs' claims against the moving auditor defendants are derivative and because plaintiffs seek another opportunity to plead these claims under the principles of *Bily* and *Paulsen*, the moving auditor defendants' motion is **GRANTED**, but plaintiffs are granted **LEAVE TO AMEND** their claims against the auditor defendants. Plaintiffs shall file a second amended complaint within **14 CALENDAR DAYS** of the date of this order. The changes shall be limited solely to trying to state a direct *Bily* claim. Within 14 days thereafter, the auditor defendants may again move to dismiss (or answer).

**B.  FUND DEFENDANTS' MOTION TO DISMISS**

Plaintiffs invested in seven Delaware limited partnerships pursuant to seven limited partnership agreements. The fund defendants' motion is brought by the majority of general partners in the seven fund groups targeted by the complaint, represented by counsel from Thomas Alexander & Forrester.

The fund defendants first argue that the forum-selection clauses in the limited partnership agreements require dismissal due to lack of venue. In their respective limited partnership agreements, plaintiffs assertedly agreed to forum-selection clauses requiring that for "any action arising out of this Agreement," they consent "to exclusive jurisdiction and venue" in either Florida or Delaware, as follows:

- Sky Bell Select Agreement ¶ 8.5    "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Florida."

7

| | | |
|---|---|---|
| • | Wailea Partners Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in Hillsborough County, Florida." |
| • | Night Watch Partners Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Florida." |
| • | Eden Rock Finance Fund Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Delaware." |
| • | Pipeline Investors Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Florida." |
| • | Agile Sky Alliance Fund Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Delaware." |

These clauses are properly considered in the context of a motion to dismiss. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Although the fund defendants make their forum-selection clause argument on behalf of all fund defendants, the Sky Bell Offshore Partners agreement — the last of seven of the fund groups — in fact does not have a forum-selection clause.

At the hearing on the instant motions, a discussion arose concerning the details of how the limited partnership agreement documents were in reality signed and executed. Counsel for the fund defendants explained (and diagrammed) how the partnership agreements and subscription agreements, which have been submitted as exhibits in support of the instant motion, were sent to the general partner to be co-signed and executed. Yet plaintiffs' counsel raised questions as to the propriety of finding the forum-selection clauses binding when the completeness of the record as to these documents and process of execution is thin.

This order agrees. Plaintiffs will be allowed to conduct discovery into the facts concerning these forum-selection clauses and execution of the agreements in which they are found. The fund defendants' motion to dismiss on this basis is therefore **HELD IN ABEYANCE** during such discovery, which will proceed alongside fact discovery.

8

**United States District Court**
For the Northern District of California

\*          \*          \*

The fund defendants also argue that the claims against them should be dismissed because this Court has neither general nor specific jurisdiction over them. Personal jurisdiction may be either general or specific to the allegations in the complaint. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). Jurisdiction over each defendant must be evaluated separately, and plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *See Scher v. Johnson*, 911 F.2d 1357, 1361, 1365 (9th Cir. 1990). For general jurisdiction to exist over a nonresident defendant, "the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (citations and quotation marks omitted). Specific jurisdiction lies only where a defendant (1) directs his activities at the forum; (2) the claim arises out of or relates to the forum-related activities; and (3) exercise of jurisdiction is reasonable. *Id.* at 802. Plaintiffs must satisfy the first two prongs of this test, and if they do defendants must show the exercise of jurisdiction would not be reasonable. *Ibid.*

Sky Bell Asset Management, the common general partner among the funds targeted by the complaint, is alleged to have its principal place of business in California (Compl. ¶ 11 and Dkt. Nos. 35-2 and 35-3). Defense counsel state that Sky Bell's principal place of business is really in Hawaii, and cite in support a declaration of defendant Marks so stating (Dkt. No. 32-1). Given that plaintiffs submit seemingly reliable documents to support their contention that Sky Bell's principal place of business is in California, however, plaintiffs have made a sufficient *prima facie* showing of general jurisdiction over defendant Sky Bell.

Plaintiffs argue that the other fund defendants' involvement with Sky Bell in the ventures at issue establishes personal jurisdiction over the others. Furthermore, they argue that jurisdiction exists because "significant activities were undertaken by the General Partner Defendants in California, including communicating with certain of the plaintiffs and other Limited Partners who are members of the Class" (Opp. 19). This order finds that jurisdictional discovery as to the fund defendants is warranted. The fund defendants' motion to dismiss on

9

1 this basis is therefore **HELD IN ABEYANCE** during such discovery, which will proceed alongside
2 fact discovery.

                    *                    *                    *

4 Lastly, the fund defendants argue that the limited partnership agreements allow liability
5 only for willful misconduct, recklessness, or gross negligence primarily attributable to
6 defendants, which the complaint does not allege.  For the reasons stated above, discovery will
7 proceed as to the execution of the limited partnership agreements, so these arguments will be
8 held in abeyance as well.

### C. EDEN ROCK DEFENDANTS' MOTION TO DISMISS

Defendants Eden Rock Finance Fund, LP, Solid Rock Management Limited, and Eden Rock Capital Management LLP, although they appeared later and through separate counsel from the other fund defendants, are also fund defendants.  Despite the fact that these defendants had been served prior to the case management conference on February 10, 2011, counsel for the Eden Rock defendants chose not to attend.  The defendants who did attend indicated their intention to file motions to dismiss, but limitations to their briefing were imposed at the conference.  Rather than file a précis pursuant to the second amended case management order, and regardless of the fact that the other defendants were held to limited briefing, the Eden Rock defendants filed their own full-blown motion with many pages of exhibits.

The Eden Rock defendants assert many of the same arguments as those of the fund defendants discussed above.  The Eden Rock defendants are in the same boat as the other fund defendants, but just happen to have different counsel.  For the reasons stated above and as to the common arguments, the motion to dismiss by the Eden Rock defendants will be **HELD IN ABEYANCE** while discovery is conducted into execution of the limited partnership agreements and personal jurisdiction.  The Eden Rock defendants' extraneous arguments that assert the complaint fails to state claims generally that were not advanced by the fund defendants do not warrant dismissal, and the motion on this basis is accordingly **DENIED**.

As to the additional argument by the Eden Rock defendants that the complaint should be dismissed against them due to ineffective service of process, defendants have not even

10

attempted to demonstrate that they have been prejudiced by any defects in service. Even assuming there were such defects, "dismissal is generally not justified absent a showing of prejudice." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Defendants have wholly failed to make such a showing, and their actions demonstrate that they have been fully apprised of the case against them. Their motion to dismiss on this basis is **DENIED**.

### D. GREENBERG DEFENDANTS' JOINDER TO FUND DEFENDANTS' MOTION TO DISMISS

Defendant Neal Greenberg was served later and appeared later than the other defendants, and he has since filed a "joinder" to the fund defendants' motion to dismiss (Dkt. No. 96). Plaintiffs have filed a brief response (Dkt. No. 109). Greenberg is alleged to be one of the Agile Sky defendants, defined above in the list of plaintiffs' appendix to the complaint.

Although Greenberg's joinder does not qualify as a response to the complaint recognized by Federal Rule of Civil Procedure 12, it does qualify as an appearance in the suit. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988). Given the strict limitations on asserting motions to dismiss set forth in the second amended case management order, it was not unreasonable for Greenberg to appear via a joinder to other defendants' motion as opposed to filing a separate motion to be heard at a time later than what is provided in the case management order. Greenberg's joinder is **GRANTED**, but, for the reasons stated above, the action is not dismissed.

### CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are **GRANTED IN PART, DENIED IN PART, AND HELD IN ABEYANCE IN PART**.

Within **14 CALENDAR DAYS** of the date of this order, plaintiffs must file an amended complaint in accordance with this order (addressing the *Bily* claim). The auditor defendants may move to dismiss or answer within 14 days thereafter. All other defendants must answer the new complaint within 14 days of its filing.

In **FOUR MONTHS** from the date of this order, *i.e.*, on August 11, 2011, both sides may file supplemental submissions concerning the matters that are being held in abeyance by this

order, namely personal jurisdiction and the execution process of the limited partnership agreements (the forum-selection issue). All defendants must join in a single coordinated submission on the forum-selection/execution issue and all defendants must join in a single coordinated submission on all personal jurisdiction issues, each submission limited to 25 pages (not counting exhibits). In the interim and to be clear, discovery should be fully proceeding on the merits. Failure to cooperate in discovery may be deemed an admission as to the relevant issue by the non-cooperative party. Even if the action is eventually moved to a different forum, the discovery will be useful on both sides. The submissions should be limited to what has been unearthed via discovery.

**IT IS SO ORDERED.**

Dated: April 11, 2011.

William Alsup
United States District Judge