| | |
|---|---|
| 1 | MAYER BROWN LLP |
|   | LEE H. RUBIN (State Bar No. 141331) |
| 2 | Two Palo Alto Square, Suite 300 |
|   | 3000 El Camino Real |
| 3 | Palo Alto, CA  94306-2112 |
|   | Telephone:  (650) 331-2000 |
| 4 | Facsimile:   (650) 331-2060 |
|   | E-mail:      lrubin@mayerbrown.com |
| 5 | |
|   | *Attorneys for Defendant* |
| 6 | *Ernst & Young LLC* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EDGAR W. TUTTLE; ERIC BRAUN; THE BRAUN FAMILY TRUST; and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated, | Case No. CV 10-03588 WHA |
| Plaintiffs, | **DEFENDANT ERNST & YOUNG LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | |
| SKY BELL ASSET MANAGEMENT, LLC; GARY R. MARKS; GEOFFREY M. GOTSCH; MICHAEL SELL; AGILE SKY ALLIANCE FUND, LP; AGILE SKY ALLIANCE FUND GP, LLC; AGILE GROUP LLC; GREENBERG & ASSOCIATES, INC. d/b/a/ AGILE INVESTORS, INC.; NEAL GREENBERG; EDEN ROCK FINANCE FUND, LP; SOLID ROCK MANAGEMENT LIMITED; ERCM LLP; SANTO VOLPE; ERNST & YOUNG LLC; NIGHT WATCH PARTNERS, LP; SKY BELL OFFSHORE PARTNERS, LTD; PIPELINE INVESTORS, LP; SKY BELL SELECT, LP; WAILEA PARTNERS, LP; WAILEA CAPITAL GP, LLC; WAILEA ADVISORS, LP; PROSPECT CAPITAL, LLC; WILLIAM BELHUMEUR; ROTHSTEIN KASS & COMPANY, P.C.; McGLADREY & PULLEN, LLP; and DOES 1-15, | Date: June 16, 2011<br>Time: 2:00 P.M.<br>Place: Courtroom 9<br>Judge: Hon. William H. Alsup |
| Defendants. | |

1   Plaintiffs devote the bulk of their opposition to recounting communications with in-house counsel for two members of the Ernst & Young global organization which have no legal relationship with Ernst & Young LLC—the only Ernst & Young member firm named as a defendant in this case. That correspondence only further establishes that plaintiffs have never effected proper service on Ernst & Young LLC. In fact, the evidence submitted by plaintiffs unequivocally shows that although plaintiffs were informed on December 1, 2010, that Ernst & Young LLC was not going to waive formal service under Rule 4 of the Federal Rules of Civil Procedure, plaintiffs took *no* steps to properly serve Ernst & Young LLC. Plaintiffs offer no justification for their abject failure to even attempt to effect proper service. Instead, plaintiffs ask to be relieved of their obligations under Rule 4 because Ernst & Young LLC was on "actual notice" of the suit. Opp. at 4 (Dkt. No. 142). But, as explained in Ernst & Young LLC's motion to dismiss, a "failure even to attempt to comply with Rule 4" cannot "be remedied by actual notice." Mot. at 5 (quoting *Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007)) (Dkt. No. 136).

Plaintiffs also have failed to offer an adequate evidentiary predicate for this Court's jurisdiction over Ernst & Young LLC. The sole evidence cited by plaintiffs in support of their claim of personal jurisdiction—one paragraph in other defendants' initial disclosures—has been corrected and superseded, and there is no other evidentiary support for any connection between Ernst & Young LLC and California. Because Plaintiffs have failed to make the requisite threshold showing that would entitle them to jurisdictional discovery, the Second Amended Complaint should be dismissed against Ernst & Young LLC.

**I.    PLAINTIFFS HAVE NOT SERVED PROCESS ON ERNST & YOUNG LLC.**

Citing no case law, plaintiffs seek to excuse their failure to serve Ernst & Young LLC by pointing to email correspondence between plaintiffs and in-house lawyers for two separate members of the Ernst & Young global organization of member firms practicing under the Ernst & Young brand (Ernst & Young Global Limited ("EYGL"))—a United States limited liability partnership based in New York and an English limited liability partnership based in London. *See* Declaration of Gwendolyn R. Giblin in Support of Plaintiffs' Opposition to Ernst & Young

1  LLC's Motion to Dismiss, Exs. A-H (Dkt. No. 143) ("Giblin Decl."). But all that
2  correspondence shows is that plaintiffs unsuccessfully sought to have those firms, which have no
3  legal relationship with Ernst & Young LLC, obtain a waiver of service from Ernst & Young LLC
4  and accept service on its behalf. *See id.*, Ex. B (email from plaintiffs inquiring whether U.S.
5  limited liability partnership had "been authorized to facilitate service" on Ernst & Young LLC);
6  Ex. E (email from plaintiffs requesting that English limited liability partnership "accept service"
7  on behalf of Ernst & Young LLC). Both firms, however, declined. *See id.*, Ex. E (email from
8  plaintiffs stating that U.S. limited liability partnership "indicated that [it] is not authorized to
9  accept service"); Ex. G (email from English limited liability partnership advising plaintiffs to
10 "arrange formal service" on Ernst & Young LLC).

11       Plaintiffs contend that Ernst & Young LLC "should not be allowed to gain an advantage"
12 because Ernst & Young member firms not party to this lawsuit declined to accept service on its
13 behalf and acted in a manner "clearly designed to delay and misdirect." Opp. at 6. Plaintiffs'
14 accusations of delay are misplaced. The other firms expressly declined to accept service by
15 December 1, 2010, **before** the Court ordered plaintiffs to effect service on Ernst & Young LLC
16 within 60 days. Dkt. No. 48 at 1-2. Specifically, on July 21, 2010, one week after the complaint
17 was filed, the U.S. member firm emphasized that service on it did not constitute service on Ernst
18 & Young LLC. *See* Giblin Decl., Ex. A. And on December 1, 2010, just over one week after
19 plaintiffs first contacted it, the English member firm advised plaintiffs to "arrange formal
20 service" on Ernst & Young LLC. *Id.*, Exs. E & G. The delay plaintiffs refer to is that
21 occasioned by their own failure to follow-up with the U.S. member firm's offer to contact Ernst
22 & Young LLC on their behalf. And, contrary to plaintiffs' assertion, the original offer by the
23 U.S member firm to contact Ernst & Young LLC was not an "assur[ance of] cooperation" to
24 serve Ernst & Young LLC. Opp. at 4. It was merely an offer to see if Ernst & Young LLC
25 "would like us to facilitate service on them." Giblin Decl., Ex. A.
26       In any event, the Federal Rules of Civil Procedure cannot be so cavalierly brushed aside.
27 A defendant is under no obligation to waive formal service. *See*, *e.g.*, *Troxell v. Fedders of N.*
28 *America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) (Rule 4(d), which governs requests for waiver

of service, "does not abolish a defendant's right to proper service of process."); *Larsen v. Mayo Med. Center*, 218 F.3d 863, 867-68 (8th Cir. 2000) ("if the defendant does not waive service, service has not been effected"); *Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1362 (D.C. Cir. 2007) (same). *Cf.* 20 WRIGHT & KANE, FED. PRAC. & PROC. DESKBOOK § 68 ("Unless there is ample time, plaintiff should proceed directly to the formal methods for service [in Rule 4]."). Plaintiffs' failure to effect proper service on Ernst & Young LLC thus is of their own making; plaintiffs declined to either avail themselves of the "simple and certain" means of service provided by the Hague Convention (*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988)), or to move this Court for "for approval of alternative service" (Dkt. No. 69, ¶ 2).[1]

Accordingly, this case falls squarely within *Ross*, which plaintiffs do not even attempt to distinguish in their opposition. Plaintiffs failed to make any effort to serve Ernst & Young LLC. That "failure even to attempt to comply with Rule 4 is no 'minor defect' that can be remedied by actual notice." *Ross*, 504 F.3d at 1140 (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). Thus, plaintiffs' Second Amended Complaint should be dismissed against Ernst & Young LLC.

## II. THIS COURT LACKS SPECIFIC OR GENERAL PERSONAL JURISDICTION OVER ERNST & YOUNG LLC.

Plaintiffs devote a mere three sentences to meet their burden of "demonstrating that jurisdiction [over Ernst & Young LLC] is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiffs contend—without explaining whether they are

---

[1] In a footnote, plaintiffs state that at the very least they "should be permitted discovery to test the accuracy of [Ernst & Young LLC]'s representations as to its multifarious legal components." Opp. at 6 n.5. But plaintiffs are "so far, both in fact and in law, from asserting a *prima facie* case of proper service that . . . jurisdictional discovery [is not] merited." *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 555 (N.D. Cal. 2003) (declining to allow jurisdictional discovery where plaintiffs' sufficiency of process argument relied on "incomplete" theories of agency and alter ego). Plaintiffs themselves do not claim that service on the U.S. limited liability partnership or English limited liability partnership constitutes proper service under Rule 4, and plaintiffs have offered no facts creating a factual dispute about Ernst & Young LLC's status as a separate entity. The uncontroverted evidence is that all of the member firms of EYGL—including Ernst & Young LLC—"are separate and independent legal entities." Mot. at 4 (discussing declaration of Paul F. Duffy, Principal of Ernst & Young LLC; audit engagement contracts; and EYGL website).

arguing for specific or general jurisdiction—that the following language in initial disclosures filed by Eden Rock Finance Fund, L.P., Solid Rock Management Limited, and Eden Rock Capital Management LLP (collectively, the "ER Defendants") "alone is sufficient to confer jurisdiction" (Opp. at 6):

> Personnel from Ernst & Young LLP ("E&Y") may have discoverable information concerning E&Y's audits of the Eden Rock Finance Fund, LP. The last known address and telephone number for E&Y is 725 S. Figueroa Street, Los Angeles, CA 90017, (213) 977-3200.

Giblin Decl., Ex. K at 2, ¶ 2.

But the ER Defendants have since served corrected initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) and 26(e), which "correct the name and contact information of Eden Rock Finance Fund, L.P.'s auditor." Declaration of Rebecca L. McGuire in Support of Defendant Ernst & Young LLC's Reply in Support of Motion to Dismiss Second Amended Complaint ¶ 2 ("McGuire Decl.") (filed herewith). As the audit engagement contracts establish, it was Ernst & Young LLC, a Manx limited liability company, that audited Eden Rock Finance Fund, L.P. *See* Dkt. No. 133-1. Accordingly, the corrected initial disclosures remove all references to Ernst & Young LLP and California, and instead provide the correct information for Ernst & Young LLC:

> Personnel from Ernst & Young LLC ("E&Y") may have discoverable information concerning E&Y's audits of the Eden Rock Finance Fund, LP. The last known address and telephone number for E&Y is Rose House, 51 – 59 Circular Road, Douglas, Isle of Man, IM1 1AZ, +44 (0) 1624 691800.

McGuire Decl., Ex. A at 2, ¶ 2.[2]

---

[2] The fact that a separate and distinct member firm also practicing under the EYGL brand is located in California of course has no bearing on this Court's jurisdiction over Ernst & Young LLC. As the Ninth Circuit has repeatedly held, jurisdiction over a defendant cannot be based on the alleged contacts between a related entity and the forum state. *See, e.g., Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) ("It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes."); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 302 (9th Cir. 1986) ("Lloyds of London's ties are also irrelevant to personal jurisdiction over its member syndicates."); *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985) (holding that "[t]he existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction over Companies" and explaining that "'[t]he corporate separation, though perhaps merely formal, [is] real'") (quoting *Canon Mf'g Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925)).

Moreover, plaintiffs' request for jurisdictional discovery is baseless and would only serve to frustrate "[t]he objective of Federal Rule 12 . . . to expedite and simplify the pretrial phase of federal litigation . . . ." 5B WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1342 (3d ed.). It is well-established that "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation marks and citations omitted). That is precisely the case here. Plaintiffs' only evidence of personal jurisdiction is a paragraph in other defendants' initial disclosures that is incorrect and has been superseded. And Ernst & Young LLC has provided unequivocal (and uncontested) evidence in the form of a declaration from a Principal of Ernst & Young LLC that:

- [Ernst & Young LLC] does not have any personnel or offices in California, nor has it sent employees to California for business-related activities.

- In conducting its audits of Eden Rock Finance Fund, L.P., [Ernst & Young LLC] did not use the services of any principal, partner, director, staff, or other employee of any California-based member of EYGL.

Dkt. No. 138, ¶¶ 3 & 6 (Declaration of Paul F. Duffy in Support of Ernst & Young LLC's Motion to Dismiss the Second Amended Complaint).

Plaintiffs, unsurprisingly, do not mention this declaration in their opposition, much less "demonstrate how further discovery would allow it to contradict [the] declaration." *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1093 (C.D. Cal. 2010). Accordingly, "extensive and burdensome" jurisdictional discovery is not warranted. *Id.* (denying jurisdictional discovery where declaration submitted by the defendant "address[ed] the few relevant facts put at issue, and were not controverted by the Plaintiff"). *See also*, *e.g.*, *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (affirming denial of request for discovery that "was based on little more than a hunch that it might yield jurisdictionally relevant facts"); *Panterra Networks, Inc. v. Convergence Works, LLC*, No. C-09-1759 RMW, 2009 WL 4049956 at *4 (N.D. Cal. Nov. 20, 2009) (jurisdictional discovery denied where plaintiff "failed to offer any evidence to contradict the evidence submitted by defendants," and, most importantly, "failed

to identify or describe the jurisdictional discovery it proposes that it be allowed to conduct or explain how such discovery would illuminate the jurisdictional issues"); *Lovesy v. Armed Forces Benefit Ass'n*, No. 07-2745 SBA , 2008 WL 4856144, at *14 (N.D. Cal. Nov. 7, 2008) (denying jurisdictional discovery where plaintiffs' allegations as to jurisdiction "are contradicted by [defendant]'s sworn affidavit").

Finally, plaintiffs contend that they are entitled to jurisdictional discovery from Ernst & Young LLC because this Court has granted jurisdictional discovery with respect to the fund defendants and "there is no meaningful distinction between the arguments of the[] other defendants and those of [Ernst & Young LLC]." Opp. at 6. But plaintiffs have it exactly backwards. The burden is on **plaintiffs** to establish this Court's personal jurisdiction over each defendant. *Schwarzenegger*, 374 F.3d at 800; *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("jurisdiction depends only upon ***each defendant***'s relationship with the forum") (emphasis added). And there is a "meaningful distinction" between plaintiffs' factual allegations with respect to the fund defendants and those regarding Ernst & Young LLC. As this Court recognized, plaintiffs "argue[d] that the other fund defendants' involvement with Sky Bell[, whose principal place of business is allegedly in California,] in the ventures at issue establishes personal jurisdiction over the others" and that "significant activities were undertaken by the General Partner Defendants in California, including communicating with certain of the plaintiffs and other Limited Partners who are members of the Class." Dkt. No. 118 at 9. Notably, plaintiffs do not try to extend these arguments to reach Ernst & Young LLC, further demonstrating the complete lack of any jurisdictional nexus between Ernst & Young LLC and California. *See* Opp. at 6. In the absence of any specific evidence linking Ernst & Young LLC to activities in California, "[a]ny jurisdiction over Sky Bell . . . has no bearing on its jurisdiction over E&Y." Mot. at 7 (citing case law). Thus, nothing in this Court's prior order supports jurisdictional discovery as to Ernst & Young LLC.

## III. CONCLUSION

This Court should dismiss the Second Amended Complaint against Ernst & Young LLC.

Dated: June 2, 2011   Respectfully submitted,

          /s/
Lee H. Rubin
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060
E-mail:       lrubin@mayerbrown.com

*Attorneys for Defendant*
*Ernst & Young LLC*