IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN FAMILY TRUST, and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SKY BELL ASSET MANAGEMENT, LLC, *et al.*,

Defendants.

No. C 10-03588 WHA

**ORDER HOLDING IN ABEYANCE AUDITOR DEFENDANTS' MOTION TO DISMISS AND E&Y'S MOTION TO DISMISS, DENYING E&Y'S PRÉCIS, AND VACATING HEARING**

**INTRODUCTION**

After a prior order in this matter held that the first amended complaint failed to plead allegations to establish standing to sue three auditor defendants, plaintiffs were given leave to amend specifically to cure this problem. They filed a second amended complaint, and, as contemplated by the prior order, the auditor defendants moved again to dismiss the complaint for, among other things, lack of standing to bring the claims alleged against them.

**STATEMENT**

The background has been set out in the order that granted in part, denied in part, and held in abeyance in part the motions to dismiss the first amended complaint brought by all defendants (Dkt. No. 118). Plaintiffs bring this proposed class action on behalf of owners of limited partnership units in seven limited partnerships controlled by defendants Sky Bell Asset Management, LLC, and Gary Marks, along with co-general partners in certain of the limited

partnerships. Among others, three auditor defendants that are alleged to have audited certain of the limited partnerships — Rothstein Kass & Company, P.C., McGladrey & Pullen, LLP, and Ernst & Young LLC — are named as defendants.

Along with the other fund defendants, the auditor defendants moved to dismiss the first amended complaint, arguing, among other things, that the plaintiffs lacked standing as to the auditors because the complaint stated derivative claims and plaintiffs have not complied with the procedural requirements to bring such claims. That motion was granted for reasons that will be described further below, but leave to amend was allowed, specifically so that plaintiffs could plead their best case against the auditors and cure the identified deficiencies in the first amended complaint. Plaintiffs filed a second amended complaint. As with the prior complaint, they assert proposed class action claims for: (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty; (3) negligence; (4) unjust enrichment; and (5) for an accounting (Dkt. No. 121). The auditors move to dismiss on substantially the same grounds as before. Discovery is proceeding as to the non-auditor defendants.

**ANALYSIS**

The order granting the auditor defendants' prior motion to dismiss stated:

> As alleged, plaintiffs' claims against the moving auditors are derivative claims. As alleged, any injury that plaintiffs suffered due to the actions of the moving auditor defendants was suffered because of injury to the funds (*see* Compl. ¶ 81–82). Plaintiffs' complaint states claims on behalf of a putative class consisting of other limited partners, whom they claim also suffered losses on their investments in the funds. As alleged, it does not state any injury specific to the named plaintiffs that was not also suffered *pro rata* by all limited partners in the funds. Thus, as alleged, plaintiffs' claims against the moving auditors are derivative, rather than direct, claims. []
>
> Plaintiffs state in opposition to the instant motion that they suffered "direct injuries that are not merely incidental to those of the limited partnerships" (Opp. 6). Yet plaintiffs make this assertion as to all defendants collectively, and fail to cite to any portion of the complaint that would support this statement as to the auditor defendants.

Plaintiffs had not complied with procedural requirements to state a derivative claim, nor have they now. Instead, they were given an opportunity to replead their claims to state *direct* claims against the auditors and thus have standing as to the auditors.

2

The only changes in the second amended complaint appear to be the addition of four sentences to paragraph 113(a), which state:

> The Class and Subclass members were the intended third party beneficiaries of the services provided by the Auditor Defendants. They were the practical and legal equivalent of clients of the Auditor Defendants, and members of the class of persons and entities for whose benefit the engagement contracts were created. Each of the applicable Limited Partnership Agreements provided that the limited partners (the members of the Class and Subclasses) would be sent the partnership financial statements, including the audit reports thereon rendered by the Auditor Defendants. *The Class and Subclass members were in fact sent, and received, the aforementioned financial statements and audit reports.*

(Compl. 25:24–26:3 (emphasis added)).

The first two of these new sentences are conclusory allegations drawn directly from the language in *Paulsen*, which was quoted by this Court's prior order, which acknowledged that "there is an additional class of persons who may be the practical and legal equivalent of 'clients.' It is possible the audit engagement contract might expressly identify a particular third party or parties so as to make them express third party beneficiaries of the contract. Third party beneficiaries may under appropriate circumstances possess the rights of parties to the contract." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1079 (9th Cir. 2009) (quoting *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 406 (1992)). Yet, as conclusory allegations drawn directly from *Paulsen*, the first two new sentences cannot suffice to state a claim or convert allegations of a derivative claim into a direct one.

Therefore, whether the new allegations suffice to state a claim against the auditors hinges on the last two of these new sentences. And, in turn, the issue thereby hinges upon whether a direct claim can be stated against the auditors based on an allegation that proposed class members received financial statements and audit reports because the limited partnership agreements provided class members would be sent partnership financial statements.

In the course of an audit, an auditing firm would ordinarily read and even copy the limited partnership agreement into its work papers and would know that the limited partners are to receive the audit report. In turn, if the engagement agreement between the limited partnership and the auditor was made with this distribution in mind, then it can be fairly alleged that the limited partners were intended third-party beneficiaries of the engagement agreement, at

3

1 least barring any issue of disclaimers of such intent in the engagement agreement itself. The
2 last of the four new sentences does not quite allege as much as is needed to satisfy the Court
3 that a third-party beneficiary was intended in the engagement agreement. Within **FIVE**
4 **CALENDAR DAYS**, plaintiffs' counsel may, if they can do so in good faith, submit a revised
5 pleading as a proposed third amended complaint (and an accompanying submission identifying
6 what is new), that will meet the foregoing requirements, failing which this dismissal will be
7 required.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the second amended complaint against defendants Rothstein Kass & Company, P.C., McGladrey & Pullen, LLP, and Ernst & Young LLC is **HELD IN ABEYANCE**, and plaintiffs may file a revised pleading as a proposed amended complaint, if they can do so in good faith, as explained above, within **FIVE CALENDAR DAYS**. If plaintiffs do not do so, the auditor defendants will be dismissed. If plaintiffs do so, the pending motion will be decided on the papers based on the extant submissions. Ernst & Young's motion to dismiss on other grounds (Dkt. No. 136) is **HELD IN ABEYANCE**. Ernst & Young's request in its précis for "leave to expand grounds" (Dkt. No. 150) is **DENIED AS UNTIMELY**. The hearing on June 16 is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4