IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN FAMILY TRUST, and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

SKY BELL ASSET MANAGEMENT, LLC, *et al.*,

    Defendants.

No. C 10-03588 WHA

**ORDER DENYING AUDITOR DEFENDANTS' MOTION TO DISMISS AND HOLDING IN ABEYANCE ERNST & YOUNG'S MOTION TO DISMISS**

A recent order holding in abeyance the auditor defendants' second set of motions to dismiss granted plaintiffs leave to file a third amended complaint, so that plaintiffs could, if they could do so in good faith, submit a revised pleading meeting the following requirements specific to our context:

> In the course of an audit, an auditing firm would ordinarily read and even copy the limited partnership agreement into its work papers and would know that the limited partners are to receive the audit report. In turn, if the engagement agreement between the limited partnership and the auditor was made with this distribution in mind, then it can be fairly alleged that the limited partners were intended third-party beneficiaries of the engagement agreement, at least barring any issue of disclaimers of such intent in the engagement agreement itself.

This order finds that plaintiffs have now met this standard via their third amended complaint. The complaint states, among other things, that "the engagement letters were made with the specific intent that the audit reports were [to] be distributed to the Limited Partners." After quoting portions of the limited partnership agreements and the auditor engagement letters and further description of the relationship between the funds, auditors, and limited partner plaintiffs,

the complaint states: "The engagement letters reflect an understanding and agreement that the audit reports would be sent to the Limited Partners. The Auditors Defendants understood and agreed that their audit reports would be sent to the Limited Partners" (Compl. ¶ 113). In this way, plaintiffs have stated direct claims against the auditor defendants as third-party beneficiaries of the auditor defendants' agreements with the funds at issue. The claims are independent of alleged harm to the funds themselves; plaintiffs thus have standing at this stage. Lastly, the complaint withstands the auditor defendants' other challenges to plaintiffs' claims regarding causation, pleading aiding and abetting breaches of fiduciary duty, and unjust enrichment and accounting.

As authorized previously, Ernst & Young's joinder to the other two auditor defendants' motion to dismiss (Dkt. Nos. 126 and 133) is **GRANTED**. For the foregoing reasons, the motion to dismiss by defendants Rothstein Kass & Company, P.C., McGladrey & Pullen, LLP, and joined by Ernst & Young LLC (Dkt. No. 128) is **DENIED**.

\*     \*     \*

In addition, Ernst & Young LLC separately moves to dismiss on other grounds. Ernst & Young appeared later than the other two auditor defendants, and moves to dismiss the claims against it for failure to effect proper service and for lack of personal jurisdiction.

Both grounds for Ernst & Young's motion — service and personal jurisdiction — relate to its proffer that plaintiffs are only suing the Ernst & Young Isle of Man entity, which is assertedly one among many separate legal entities that are members of the "Ernst & Young Global" umbrella. Ernst & Young is named as a defendant because of its role as the auditor of the Eden Rock fund.

Ernst & Young argues that the Isle of Man entity is the only operative entity in our fact scenario, and that plaintiffs never served that entity, though they may have served other Ernst & Young Global entities, nor does personal jurisdiction exist over the Isle of Man entity. Plaintiffs argue that they served defendant Ernst & Young LLC through their points of contact with Ernst & Young in New York and London, and that personal jurisdiction exists given that Eden Rock's initial disclosures stated that an Ernst & Young point of contact could be found at a specified

address in Los Angeles (Giblin Decl. Exh. K ¶ 2). Regarding the initial-disclosures point, Ernst & Young responds that this point of contact information has since been "corrected" by Eden Rock (McGuire Decl. Exh. A ¶ 2).

Plaintiffs assert that, at the least, they "should be permitted discovery to test the accuracy of E&Y's representations as to its multifarious legal components" (Opp. 6 n.5). Ernst & Young counters that "plaintiffs have offered no facts creating a factual dispute about Ernst & Young LLC's status as a separate entity" (Reply 3 n.1). Not so. Although the correspondence put in by the Giblin Declaration does not necessarily show that service was effectuated through non-Isle of Man E&Y entities, it does raise concerns about whether the Isle of Man entity was really the only part of Ernst & Young Global involved here (*see, e.g.*, Exh. G (London E&Y asking for formal service, seemingly on behalf of E&Y generally)). The "correction" by Eden Rock — replacing a Los Angeles E&Y contact with an Isle of Man E&Y contact — raises further questions about whether the Isle of Man entity was really the only E&Y Global entity involved.

Based on this record, this order finds that jurisdictional discovery as to defendant Ernst & Young LLC is warranted. This affects not only the personal jurisdiction challenge but also the service challenge, as whether service was proper depends in part on how the claims in this matter circumscribe the various Ernst & Young entities. Ernst & Young's motion to dismiss on this basis (Dkt. No. 136) is therefore **HELD IN ABEYANCE** during such discovery, which will proceed alongside fact discovery. On **AUGUST 11, 2011**, both sides may file supplemental submissions concerning the matters that are being held in abeyance by this order (this will be alongside the further submissions concerning jurisdictional discovery as to the fund defendants). Each side's submission is limited to 15 pages (not counting exhibits). The submissions should be limited to what has been unearthed via discovery. In the interim discovery should be fully proceeding on the merits.

**IT IS SO ORDERED.**

Dated: June 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3