IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN FAMILY TRUST, and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKY BELL ASSET MANAGEMENT, LLC, *et al.*,<br><br>Defendants.<br>_____ / | No. C 10-03588 WHA<br><br>**ORDER REGARDING STIPULATION TO VACATE AUGUST 11 DEADLINE AFTER JURISDICTIONAL DISCOVERY AS TO CERTAIN DEFENDANTS** |

Plaintiffs' counsel and counsel for defendants Sky Bell Asset Management, LLC; Gary R. Marks; Geoffrey M. Gotsch; Michael Sell; Agile Sky Alliance Fund, LP; Agile Sky Alliance Fund, GP, LLC; Agile Group LLC; Greenberg & Associates, Inc. d/b/a Agile Investors, Inc.; Neal Greenberg; Greenberg & Associates Securities, Inc.; Night Watch Partners, LP; Sky Bell Offshore Partners, LP; Pipeline Investors, LP; Sky Bell Select, LP; Wailea Partners, LP; Wailea Capital GP, LLC; Wailea Advisors, LP; Prospect Capital, LLC; and William Belhumeur have filed a stipulation to vacate the August 11 deadline for filing briefing after jurisdictional discovery because of "settlement proceedings." The stipulation states that the stipulating parties signed a memorandum of understanding on June 10 as to "certain of the class claims alleged herein." Thus despite the fact that nearly two months have gone by and this is the first word of any such settlement, the stipulating parties propose to vacate their August 11 deadline and be allowed an expedited schedule for preliminary approval when they sign a settlement

1 agreement and regardless of the fact that no motion for class certification has yet been filed, let
2 alone decided.
3    How can counsel reconcile their memorandum of understanding and stipulation
4 anticipating a motion for preliminary approval with the memorandum opinion regarding factors
5 to be evaluated for any proposed class settlement, which specifically states: "Counsel should
6 remember that merely filing a putative class complaint does not authorize them to compromise
7 the rights of absent parties. If counsel believes settlement discussions should precede a class
8 certification, a motion for appointment of interim class counsel must first be made" (Dkt. No.
9 66)?
10    Counsel shall file a response to this question by **WEDNESDAY, AUGUST 3, 2011, AT**
11 **NOON**.
12    The stipulation to vacate the August 11 deadline is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE