IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN FAMILY TRUST, and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKY BELL ASSET MANAGEMENT, LLC, *et al.*,<br><br>Defendants.<br>_____/ | No. C 10-03588 WHA<br><br>**ORDER GRANTING FUND DEFENDANTS' AND EDEN ROCK DEFENDANTS' MOTION TO DISMISS FOR LACK OF VENUE** |

**INTRODUCTION**

After much motion practice and to the extent stated below, the motion to dismiss for lack of venue is now **GRANTED**.

**STATEMENT**

Plaintiffs bring this proposed class action on behalf of owners of limited partnership units in seven limited partnerships controlled by defendants Sky Bell Asset Management, LLC, and Gary Marks, along with co-general partners in certain of the limited partnerships.

There is a host of defendants. Defendants have appeared in the following groups, which is relevant to explain which groups brought the joint motion to dismiss. The "auditor defendants" are Rothstein Kass (represented by counsel from Blecher & Collins and Hodgson Russ), McGladrey & Pullen (represented by counsel from Keker & Van Nest and Williams & Connolly), and Ernst & Young. All of the other defendants have been referred to as "fund

defendants," most of which are represented by counsel from Thomas Alexander & Forrester. Defendants Eden Rock Finance Fund, LP, Solid Rock Management Limited, and Eden Rock Capital Management LLP are collectively called the "Eden Rock defendants." They are represented separately by counsel from Paul, Hastings, Janofsky & Walker. Defendant Neal Greenberg is represented separately by Attorneys Julian Baum and Steven Feder.

This order follows a hearing on the defendants' joint motion to dismiss back on April 7, 2011, that resulted in the order dated April 11 partially granting the motion and allowing further discovery on other aspects now addressed. At the hearing, "plaintiffs' counsel raised questions as to the propriety of finding the forum-selection clauses binding when the completeness of the record as to these documents and process of execution is thin" (Dkt. No. 118 at 8). With similar concern, the order dated April 11 stated: "Plaintiffs will be allowed to conduct discovery into the facts concerning these forum-selection clauses and execution of the agreements in which they are found." Thus, the order held in abeyance the fund defendants' and the Eden Rock defendants' motion to dismiss for lack of venue, stating: "In four months from the date of this order, *ie.,* on August 11, 2011, both sides may file supplemental submissions concerning the matters being held in abeyance, namely personal jurisdiction and the execution of the limited partnership agreements (the forum-selection issue)" (Dkt No. 118).

Four months passed. No supplemental evidence or briefing was submitted by anyone. Upon inquiry, the Court was told that the immediately affected parties were working on a settlement. An order advised that the Court would proceed to resolve the long-standing motion. More time passed. Still no additional submissions were made raising new points or at least any new substantial point unaddressed by this order. The instant ruling now resolves the forum-selection clause questions.

## ANALYSIS

### A.  FUND DEFENDANTS' MOTION TO DISMISS

Plaintiffs invested in seven Delaware limited partnerships pursuant to seven limited partnership agreements. The fund defendants' motion is brought by the majority of general

2

1  partners in the seven fund groups targeted by the complaint, represented by counsel from
2  Thomas Alexander & Forrester.
3      In their respective limited partnership agreements, plaintiffs agreed to forum-selection
4  clauses requiring that for "any action arising out of this Agreement," they consent "to exclusive
5  jurisdiction and venue" in either Florida or Delaware, as follows:

| | | |
|---|---|---|
| 6 | •     Sky Bell Select Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Florida." |
| 9 | •     Wailea Partners Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in Hillsborough County, Florida." |
| 11 | •     Night Watch Partners Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Florida." |
| 13 | •     Eden Rock Finance Fund Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Delaware." |
| 16 | •     Pipeline Investors Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Florida." |
| 18 | •     Agile Sky Alliance Fund Agreement ¶ 8.5 | "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Delaware." |

21  These clauses are properly considered in the context of a motion to dismiss. *Argueta v. Banco*
22  *Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).
23      Although the fund defendants make their forum-selection clause argument on behalf of
24  all fund defendants, the Sky Bell Offshore Partners agreement — the last of seven of the fund
25  groups — in fact did not have a forum-selection clause.
26      The six forum-selection clauses that *do* exist, however, apply to the claims plaintiffs
27  make against the fund defendants, as the claims "aris[e] out of th[e limited partnership]
28  Agreement[s]." Plaintiffs' complaint concerns the limited partnerships, which are governed by

3

the agreements (Compl. ¶ 56); claims violation of the duties created by the agreements (*id.* ¶¶ 95–96, 103, 110); and seeks recovery of management fees prescribed in the agreements (*id.* ¶¶ 116–18). The fund defendants cite a number of decisions finding claims such as those made here to qualify as claims that arise out of a contract, and plaintiff do not contest that the six forum-selection clauses apply to their claims..

When a forum-selection clause is the result of arm's-length negotiations by experienced persons, the clause should be enforced unless "the party seeking to escape his contract [] show[s] that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972). The forum-selection clauses in the limited partnership agreements apply to this action, and plaintiffs have not carried the heavy burden of showing that enforcing the clauses would be manifestly unfair, unjust, or unreasonable. *See also Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005). Accordingly, the forum-selection clauses will be enforced.

Plaintiffs solely argue that the fund defendants are forum shopping because they removed this action without raising an issue of venue, but are now "chang[ing] their tune" (Opp. 20). Plaintiffs characterize the fund defendants' motion to dismiss for lack of venue as "belated." Not so. Plaintiffs cite no law in support of their contention, which is contrary to law. *See, e.g.*, *Soil Shield Intern., Inc. v. Lilly Indus., Inc.*, No. C 98-1353 SC, 1998 WL 283580, at *2 (N.D. Cal. May 29, 1998) ("The law is clear. Defendants have not waived any objection to venue by removing this action to federal court."). Nor will this order fault the fund defendants for failing to raise this issue in the context of the motion practice that has already occurred post-removal, as until now only *plaintiffs* have been the moving parties (for remand and for leave to file an amended complaint).

Plaintiffs will be held to the terms of the six forum-selection clauses in their agreements with all of the fund defendants except for the Sky Bell Offshore Partners defendants, because that entity's agreement did not have a forum-selection clause. Otherwise, the forum-selection clauses provide for "exclusive jurisdiction and venue" in either Florida or Delaware, so venue

4

1 in California is improper. Plaintiffs do not request transfer as an alternative to dismissal. The
2 fund defendants' motion to dismiss this action against them (except as to the Sky Bell Offshore
3 Partners defendants) is therefore **GRANTED**.

### B. EDEN ROCK DEFENDANTS' MOTION TO DISMISS

Defendants Eden Rock Finance Fund, LP, Solid Rock Management Limited, and Eden Rock Capital Management LLP, move to dismiss as well. The applicable limited partnership agreement stated: "The parties hereby consent to exclusive jurisdiction and venue for any action arising out of this Agreement in the State of Delaware" (Eden Rock Finance Fund Agreement ¶ 8.5). The Eden Rock defendants are in the same boat as the other fund defendants, they just happen to have different counsel. For the reasons stated above, the claims against the Eden Rock defendants must also be dismissed for lack of venue.

Plaintiffs argue that this order should not enforce the forum-selection clause because "the claims of the case do not entirely arise from, and are thus broader than, the underlying agreements which contain the clauses" (Opp. 8). Notably, plaintiffs do not cite portions of the limited partnership agreement or the complaint to demonstrate why this is so. Moreover, as demonstrated above in the context of the main fund defendant's motion, such an analysis shows that plaintiffs' claim do arise under the agreements.

Plaintiffs also argue that this order should not enforce the forum-selection clause because this case "involves multiple defendants, claims, agreements, and disparate forum[-]selection clauses" (Opp. 8). Plaintiffs therefore argue that the forum-selection clause should be ignored for the sake of judicial economy. As an initial matter, we are here discussing whether the forum-selection clause should be enforced *as to the Eden Rock defendants only*, and as such are discussing only one agreement and one set of defendants, and so no such disparate forum-selection clauses apply. Judicial economy will not be served by abandoning the Eden Rock agreement forum-selection clause.

Moreover, the notion that enforcing the forum-selection clauses generally in this action would "require plaintiffs to file nearly identical cases and claims in multiple state courts against nearly identical groups of defendants for conduct arising from the same facts and

5

1   circumstances" (Opp. 12), fails to recognize that even the instant complaint is segmented
2   concerning seven different groups of fund defendants. There is some overlap, but enforcing the
3   forum-selection clauses will not require plaintiffs to file seven *identical* suits in seven places.
4   Rather, pursuant to the seven agreements, instead of having one behemoth case like we have
5   here, each suit will concern each of the partnerships, which is both logical and at least as
6   efficient as the one now pending here.

7   Plaintiffs also argue that this order should not enforce the forum-selection clause
8   because "three of the four named plaintiffs are California residents." Plaintiffs argue that they
9   must be allowed to litigate here because otherwise "the strong public policy of California in
10  protecting individuals from breaches of fiduciary duty would be likely eviscerated" (Opp. 8–9).
11  Yet that has nothing to do with the standards for whether to enforce a forum-selection clause,
12  which were outlined above. The inquiry concerns whether "trial in the contractual forum will
13  be so gravely difficult and inconvenient that [a plaintiff] will for all practical purposes be
14  deprived of his day in court." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972).
15  Wanting to enforce state policy is irrelevant.

16  Plaintiffs next argue that this order should not enforce the forum-selection clause
17  because "[m]any of the defendants, such as the Auditor Defendants, are not even party to any
18  agreement selecting a particular forum" (Opp. 8). The auditor defendants are indeed in a
19  different situation, but they have already been dismissed from this action for different reasons
20  stated above. In addition, forum-selection clauses are not limited to the immediate parties to the
21  agreement but rather they also apply where, as here, "the alleged conduct of the non-parties is []
22  closely related to the contractual relationship." *Manetti-Farrow, Inc. v. Gucci Am., In*c., 858
23  F.2d 509, 514 n.5 (9th Cir. 1988).

24  Finally, plaintiffs argue that this order should not enforce the forum-selection clause
25  because "the partnership agreements relied on by the [Eden Rock] Defendants which contain
26  the forum[-]selection clauses were not negotiated between sophisticated business entities with
27  equal bargaining power but rather constitute adhesion contracts presented on a take it or leave it
28  basis" (Opp. 8). Plaintiffs cite no support for this statement *whatsoever*. They have thus not

6

carried their burden to show it to be true or supportive of their cause to have this order ignore the forum-selection clause to which they agreed.

Therefore, plaintiffs will be held to the terms of their agreement with the Eden Rock defendants. The forum-selection clause provides for "exclusive jurisdiction and venue" in Delaware, so venue in California is improper. Plaintiffs do not request transfer as an alternative to dismissal. Pursuant to 28 U.S.C. 1406(a), dismissal of this action for lack of venue is appropriate. The Eden Rock defendants, like the other fund defendants, make additional arguments in support of dismissal, but those will not be discussed as the foregoing analysis is dispositive. The Eden Rock defendants' motion to dismiss this action against them is **GRANTED**.

## CONCLUSION

For the foregoing reasons, fund defendants and Eden Rock defendants' motion to dismiss for lack of venue, except as to the Sky Bell Offshore Partners defendants, is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE