United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN FAMILY TRUST, and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SKY BELL ASSET MANAGEMENT, LLC, *et al.*,

Defendants.
_______________________________________/

No. C 10-03588 WHA

**ORDER CONDITIONALLY GRANTING MOTION FOR CLASS CERTIFICATION**

**INTRODUCTION**

In this action brought on behalf of owners of limited partnership units, named plaintiffs move for class certification, appointment of class representatives, and appointment of class counsel. The order conditionally certifies three classes and appoints two named plaintiffs as class representatives. Counsel of record will be appointed class counsel only if the conditions set forth below are satisfied.

**STATEMENT**

This sprawling action began as a suit by four named plaintiffs against 25 defendants. After significant motion practice, only seven defendants remain: Rothstein Kass & Company, PC, and McGladrey & Pullen, LLP, the so-called auditor defendants, and Sky Bell Offshore Partners, Ltd., Sky Bell Asset Management, LLC, Gary R. Marks, Geoffrey M. Gotsch, and Michael Sell, collectively, the so-called Offshore Partners defendants (Third Amd. Compl. ¶¶

11–15; 31–32). The Offshore Partners defendants did not appear at the hearing and did not make submissions on the motion.

The essence of this case is that various limited partnership investment opportunities cratered. All of the investment opportunities were arranged and controlled by defendant Sky Bell Asset Management, LLC. In turn, the investment funds invested in yet other funds ostensibly in accordance with the stated investment strategies. Each opportunity was a separate limited partnership with largely separate investors and each went bad for possibly its own reasons and possibly because of mismanagement by Sky Bell. The auditors, plaintiffs say, should have discovered the wrongs.

### 1. SCALED BACK REQUEST FOR CERTIFICATION AND THE PROPOSED CLASSES.

The named plaintiffs are Edgar Tuttle, Eric Braun, the Braun Family Trust, and Wendy Meg Siegel. They moved for certification of an omnibus class consisting of all persons or entities that own interests in seven limited partnerships in which defendant Sky Bell Asset Management, LLC, served as a general partner. They also moved for certification of subclasses for each of the seven limited partnerships. Relying on this, the Court studied the submissions in considerable detail, and went into the hearing believing plaintiffs' counsel wanted to certify a large class and seven subclasses. Both sides had so briefed the motion.

At the hearing, however, counsel for plaintiffs stated they no longer sought to certify an omnibus class and now only sought certification of only four subclasses — a subclass for all persons or entities who own interests in the Agile Sky Alliance Fund, LP, Night Watch Partners, LP, PipeLine Investors, LP, and Wailea Partners, LP — and only as to the two remaining auditor defendants — Rothstein Kass, and McGladrey & Pullen. Counsel stated this scaled-back motion had been "clearly" indicated in their reply brief.

Ordinarily, the judge would let it go at that and move on but a little more deserves to be said because it bears on a genuine question in this case of adequacy of counsel to represent the proposed classes. The statement by counsel that the wholesale revision of the motion had been clearly stated in the reply brief was wrong. Specifically, in their reply brief a request was made that the Court "appoint the Plaintiffs as representatives of both the Class and their respective

United States District Court
For the Northern District of California

Subclasses." It was then proposed that the named plaintiffs would represent "the Class in its entirety," and that the named plaintiffs would also serve as subclass representatives for various of the seven subclasses. Then, it was requested that an order be entered "certifying a plaintiff Class, as well as Subclasses for all persons or entities who own interest in *each* of the limited partnerships." Finally, it was requested that a representative be appointed for *each* of the seven subclasses (Reply Br. 2, 5–6, 9). Plainly, it was not at all clear that plaintiffs intended to seek certification of only four subclasses and that they would voluntarily scale back their request for certification, as they ultimately did. We will return to this at the end of this order.

So, no longer is there a proposed omnibus class. Henceforth, the proposed groups will be referred to simply as proposed classes, not subclasses, specifically the four above-named classes as against auditor defendants Rothstein Kass and McGladrey & Pullen (and no other defendants). The four proposed classes are as follows: (1) Agile Sky class consisting of all persons or entities who own interests in Agile Sky Alliance Fund, LP; (2) Night Watch class, consisting of all persons or entities who own interests in Night Watch Partners, LP; (3) PipeLine class, consisting of all persons or entities who own interests in PipeLine Investors, LP; and (4) Wailea class, consisting of all persons or entities who own interests in Wailea Partners, LP. Excluded from each would be, "the defendants, the officers, directors, and agents of the defendants, as well as members of their families, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest" (Third Amd. Compl. ¶¶ 86–87).

**2. NAMED PLAINTIFFS.**

Plaintiff Edgar Tuttle holds limited partnership interests in Night Watch Partners, LP, and Wailea Partners, LP, and alleges he has been damaged as a result of the aggrieved conduct (Third Amd. Compl. ¶ 7). Plaintiffs propose that Mr. Tuttle represent the Night Watch and Wailea classes. Mr. Tuttle became a limited partner in Night Watch on March 8, 2007, and invested $500,000 in the Night Watch limited partnership (Dkt. Nos. 115-3 at 9; 227-1 at 5). He became a limited partner in Wailea on December 21, 2007, and invested $500,000 in the Wailea limited partnership (Dkt. Nos. 115-2 at 11; 227-1 at 5, 11). The amount of his alleged loss was not provided.

Plaintiff Eric Braun holds a limited partnership interest in PipeLine Investors, LP, and alleges he has been damaged as a result of the aggrieved conduct (Third Amd. Compl. ¶ 8). Plaintiffs propose that Mr. Braun represent the PipeLine subclass. Mr. Braun became a limited partner in PipeLine on November 22, 2008, and invested $180,000 in the PipeLine limited partnership (Dkt. No. 115-5 at 10; 227-2 at 5). He had a net loss of approximately $100,000 in the limited partnership (Reply Br. at 7).

The Braun Family Trust and Mr. Braun hold limited partnership interests in Agile Sky Alliance Fund, LP, and allege they have been damaged as a result of the aggrieved conduct (Third Amd. Compl. ¶ 8). Plaintiff Braun is co-trustee of the Braun Family Trust. In their opening brief, plaintiffs proposed that the Braun Family Trust represent the Agile Sky class (Br. 4). On reply, however, they clarified this proposal and requested that "Eric Braun, who is co-trustee of the Braun Family Trust, . . . serve as a [r]epresentative . . . on behalf of the Agile Sky . . . subclass" (Reply Br. 6). The Braun Family Trust became a limited partner in Agile Sky on November 1, 2006, and invested $125,000 (Dkt. Nos. 115-6 at 10; 227-2 at 6). Mr. Braun signed the subscription agreement, as a co-trustee. The amount of alleged loss is not provided.

The order need not address named plaintiff Wendy Meg Siegel because she was a proposed representative of the Offshore Partners subclass, which is no longer at issue.

**3. CLAIMS FOR RELIEF.**

This is not a securities fraud case but one based on various state law theories. The third amended complaint pleads five claims for relief: Claim one for breach of fiduciary duty; claim two for aiding and abetting breach of fiduciary duty; claim three for negligence; claim four for unjust enrichment; and claim five for an accounting. Given the narrowed scope of the class certification motion, only the following claims are relevant:

- Claim two brought by the Agile Sky, Night Watch, and PipeLine classes against Rothstein Kass for aiding and abetting breach of fiduciary duty and the Wailea class' claim for the same against McGladrey & Pullen;

- Claim three brought by the Agile Sky class against Rothstein Kass for negligence and the Wailea class' claim for the same against McGladrey & Pullen;

United States District Court
For the Northern District of California

- Claim four brought by the Agile Sky class against Rothstein Kass for unjust enrichment and the Wailea class' claim for the same against McGladrey & Pullen; and

- Claim five brought by the Agile Sky class against Rothstein Kass for an accounting and the Wailea class' claim for the same against McGladrey & Pullen.

Claims three, four, and five have not been asserted by the Night Watch class against Rothstein Kass. At the hearing, plaintiffs' counsel admitted his firm erred and failed to correctly plead what was intended. In this case, the Court will grant counsel leave to amend the complaint, for the purpose only of asserting the Night Watch class' claims three, four, and five against Rothstein Kass. The Court is reasonably confident that this will not result in prejudice to Rothstein Kass because their counsel recognized at the hearing that this was a drafting mistake by plaintiffs' counsel and stated that if an amendment were permitted Rothstein Kass would not need to conduct additional discovery.

**ANALYSIS**

"A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23] — that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). Although a motion for class certification is not the appropriate point at which to resolve the merits of plaintiffs' claims, courts are "at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992). This "rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart*, 113 S. Ct. at 2551.

Pursuant to Rule 23(a), for a named plaintiff to obtain class certification, the court must find: (1) numerosity of the class; (2) common questions of law or fact; (3) that the named plaintiff's claims and defense are typical of the claims or defenses of the class; and (4) that the named plaintiff and plaintiff's counsel can adequately protect the interests of the class. Plaintiffs seek certification under Rule 23(b)(3). Certification under Rule 23(b)(3) requires that the court

United States District Court
For the Northern District of California

find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

* * *

Judges and their staff are not required to rummage through heaps of paper in search of the answers that counsel should have made clear. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The Rule 23 submissions have been disorganized, inaccurate, glib, and uninformative on key issues. The Court has nonetheless scoured the record and, when answers were not found, sent out several requests for supplements and clarification. At some point, however, the judge, even with the need to protect the interests of absent putative class members, cannot be expected to do counsel's work. The numerosity donnybrook, which now follows, was an example.

**1. Rule 23(a)(1): NUMEROSITY.**

The numerosity requirement of Rule 23(a)(1) is satisfied when "joinder of all members is impracticable." The numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least forty members. *See Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010).

The Court finds numerosity with regard to the PipeLine, Night Watch, and Agile Sky classes, but not for the Wailea class. The small number of Wailea investors (17), combined with the large size of the claims of Wailea investors — counsel for Wailea represented at the hearing they were $2.5 million on average — favor allowing investors to bring suits on their own. Moreover, at least two of the seventeen investors would be eliminated by plaintiffs' own definition of the class because they are defendants in this action. This means there will be no class claims concerning Wailea and therefore all class claims against McGladrey & Pullen fall away.

As to the other three partnerships, it was very difficult to extract from the parties the basic data needed to decide numerosity. This will now be recounted in some detail to illustrate the need for new and additional counsel to represent absent class members.

It was plaintiffs' burden to obtain the information necessary to establish numerosity and if there was discovery stonewalling by defendants, plaintiffs' counsel could have filed a motion to compel and the Court would have ordered discovery. Instead, counsel left this unresolved and relied on inferences and snippets from audit workpapers, leading to a mess on this motion. Because there was insufficient guidance in the record on the numerosity issue, and indeed contradictions and mere guesses, the Court scoured the motion record to determine the number of investors in each of the seven limited partnerships. Specifically, a most diligent effort was made to comb through the record and review declarations, exhibits, and transcripts in search of the number of investors. This was unsuccessful. The Court ordered all counsel to bring documentation to the hearing showing the number and names of investors in each of the partnerships (Dkt. No. 258). At the hearing, it came to light that Mr. Joel Wolosky, counsel for Rothstein Kass, had misstated in a sworn filing the number of investors in Agile Sky Alliance Fund, LP, and Night Watch Partners, LP. This was not the fault of counsel for plaintiffs but the fact remains that by the time of the motion, plaintiffs' counsel already should have obtained the names of each investor and when and how much they had invested. This data should have been common ground, for we need to know who will bound by the judgment. And we need to know the data for the numerosity as well as the superiority issues. This should not have been left to guess-work and inference.

At the hearing, the judge had to do a line-by-line count of investors. It was determined, based on the investor summary reports ordered to be brought to the hearing that at minimum, the limited partnerships had the following number of non-defendant investors: PipeLine had 93; Night Watch had 70; Agile had 40. These will satisfy the numerosity requirement, as to the Night Watch, PipeLine, and Agile Sky classes.

**2. RULE 23(a)(2): COMMONALITY.**

A class has sufficient commonality under Rule 23(a)(2) if "there are questions of law or fact common to the class." Rule 23(a)(2) does not require each member in a class to have identical factual and legal issues surrounding their claim. "The existence of shared legal issues with divergent factual predicates is sufficient." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019

United States District Court
For the Northern District of California

(9th Cir. 1998). This requirement is met, but a related concern under Rule 23(b)(3) regarding predominance or not of common issues will be discussed below.

**3. RULE 23(a)(3): TYPICALITY.**

The typicality requirement of Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Defendant contends that plaintiffs do not meet the typicality requirement because no single plaintiff had dealings with all of the limited partnerships or with all of the auditor defendants (Opp. 9). This argument has no force with regard to certification of three separate classes. Each named plaintiff held a limited partnership interest in the limited partnership corresponding to the class they seek to represent. And each has alleged harm by Rothstein Kass with regard to its audits of the respective limited partnerships. Thus, their claims and defenses will be typical of those of the class members they seek to represent.

**4. RULE 23(a)(4): ADEQUACY OF REPRESENTATION.**

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." This factor has two requirements: (1) that the proposed representative plaintiffs and their counsel do not have any conflicts of interest with the proposed class; and (2) that the named plaintiffs and their counsel will prosecute this action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020.

This order finds that Mr. Braun, the proposed representative for the PipeLine class would be an adequate representative for that class. He invested in PipeLine Investors, LP, and alleges harms resulting from Rothstein Kass' audit of the limited partnership. Rothstein Kass contends that plaintiff Braun lacks standing to represent the PipeLine class because "he held no legal title to an interest in PipeLine; that interest was owned by IRA Resources, as custodian" (Opp. 23). Rothstein Kass offers no support in the law for its argument.

As previously discussed, on reply, plaintiffs proposed that Mr. Braun, who is co-trustee of the Braun Family Trust, serve as class representative for the Agile Sky class. Mr. Braun and the Braun Family Trust invested in the Agile Sky Alliance Fund, LP, and allege harms resulting from Rothstein Kass' audit of the limited partnership. The complaint names the Braun Family Trust as

plaintiff but does not state that Mr. Braun will be suing as co-trustee on behalf of the Braun Family Trust, as is suggested in plaintiffs' reply (Reply Br. 6). Were the Braun Family Trust to sue in its capacity as a trust, there may be a question as to standing. *See Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 522 (2010) ("A trust . . . is simply a collection of assets and liabilities. As such, it has no capacity to sue or be sued, or to defend an action.). Plaintiffs will be granted leave to amend their complaint to fix this glitch.

The order finds Mr. Tuttle, the proposed representative for the Night Watch class would be an adequate representative for that class. He invested in Night Watch Partners, LP, and alleges harms resulting from Rothstein Kass' audit of the limited partnership.

At the class certification hearing, issues were raised as to stonewalling by plaintiffs' counsel during discovery and the suggestion was made by Rothstein Kass that adequate discovery was not allowed as to whether named plaintiffs' were accredited or qualified investors. Stonewalling might well lead to finding inadequacy. At the hearing, however, Attorney Wolonsky was utterly unprepared to explain why named plaintiffs' failure to answer questions might have relevance to the rest of the case. The Court is unwilling to penalize plaintiffs for alleged stonewalling, which if it even occurred, was of little consequence to the rest of the case.

The question of adequacy of counsel for the classes will be saved for the end of the order.

**5. RULE 23 (b)(3): PREDOMINANCE.**

To qualify for certification under Rule 23(b)(3), common questions must "predominate over any questions affecting only individual members" and class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy."

As to a common method of proof, the Court is concerned, based on counsel's comment at the hearing, that plaintiffs' counsel will resort to seeking to rely on individualized and anecdotal evidence rather than class-wide proof. But the Court will reserve the possibility of de-certification to control against any such tactic. In the meantime, there are clear common issues of fact as to each of the proposed classes concerning the quality of the work performed by Rothstein Kass on its audits of the three limited partnerships at issue. The Court will presume those

common issues will predominate until such time, if ever, as anecdotal and individualized stories begin to proliferate, at which point de-certification will be considered.

A second complication is that nationwide classes are sought based on state rather than federal law. This may well de-generate into a hodge-podge and multiplicity of various state laws that could not be fairly grouped by a jury in a single trial. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 821–23 (1985).

Most class members reside in California but there are a dozen or so other states of residence, by the Court's count. To mitigate this problem, the class notice will advise all class members that, in so far as the law of residence will be applied, California law will be applied unless defendant shows, as to an individual class member, that the actual law of the actual state of residence will be more favorable to the defendant, in which case that individual class member will be notified that he or she is excluded from the class. Those who wish can opt out of the suit, otherwise, they will be deemed to have consented to the use of California law, including for any statutes of limitations. Defendant is ordered to show cause **BY NOON ON NOVEMBER 18, 2011**, why the law of actual residence should be applied as to any individual members of any class. Plaintiff shall reply **BY NOON ON NOVEMBER 30**. This residence choice of law shall apply as to law dictated by the place of residence and shall, of course, not govern if a contract provision requires a particular law (such as Delaware law) to apply.

Although the claims here may be large on an individualized basis and each investor would not be blamed for preferring to control his or her own claim, this order finds that a class action would probably be superior to multiple individual actions for fairly and efficiently adjudicating the controversy. With respect to manageability, since the case is now narrowed to a single auditor defendant, difficulties in managing a class action will be reduced.

* * *

We now turn to the issue of adequacy of counsel. Plaintiffs' counsel's submissions have been disorganized, incomplete, and have frequently glided over important issues. As stated, the submissions on the numerosity issue were so deficient the Court had to order all counsel to bring lists of the investors in all partnerships to the hearing so each member could be counted and

numerosity could be determined. Plaintiffs' counsel also neglected to allege claims three, four, and five against Rothstein Kass by the Night Watch class, despite amending the complaint three times. Counsel failed to properly serve a defendant, who was then dismissed (Dkt. No. 240). Counsel sued in the wrong district as to seventeen other defendants and they too were dismissed (Dkt. No. 232). Counsel then tried to settle those claims on a class-wide basis, meaning counsel tried to settle with the wrong-venue defendants at a discount rather than to settle on the merits of the substantive claims. Class members deserve to have their claims settled on the merits without discount for counsel's having sued in the wrong district. Counsel's performance in this action has been marginal at best.

Thus, this Court will allow Gold Bennett Cera & Sidener LLP, to serve as class counsel only if additional counsel known to practice at the level customary for an investor class in this district is brought in to serve as co-counsel.

Before defining the classes and certifying them, the Court will require the following: (1) association of co-counsel as described above; (2) a precise list of investors for the Agile Sky, PipeLine, and Night Watch classes, including names, addresses, amounts invested, and the date of investment; and (3) a submission by counsel indicating what is the longest period of statute of limitations, in order to help define the classes. This must all be completed and submissions must be made **BY NOON ON NOVEMBER 30, 2011**.

Plaintiffs must file an amended complaint **BY NOON ON NOVEMBER 7**. The only allowable changes will be to cure counsel's pleading error as to its failure to assert Night Watch's claims three, four, and five against Rothstein Kass and to amend the complaint to reflect that Mr. Braun will be suing as co-trustee on behalf of the Braun Family Trust, if this was, indeed, plaintiffs' intention (*see supra* pp. 5, 8–9). Upon receipt of plaintiffs' amended complaint, the Court will determine the precise class definitions.

**CONCLUSION**

The next step is for co-counsel to appear for the classes and for a form of class notice to be submitted with a plan of distribution of notice. Given the size of claims, the Court will insist

on mailed notice as well as email notice with generous lead time to get out. This notice proposal must be submitted **BY NOON ON DECEMBER 9, 2011**.

**IT IS SO ORDERED.**

Dated: October 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE



United States District Court
For the Northern District of California