IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN FAMILY TRUST, and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKY BELL ASSET MANAGEMENT, LLC, *et al*.,<br><br>Defendants.<br>_____ / | No. C 10-03588 WHA<br><br>**ORDER GRANTING MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF JOEL M. WOLOSKY** |

Plaintiffs' filed a précis requesting leave of court to file a motion to strike the supplemental declaration of Attorney Joel M. Wolosky in support of the auditor defendants' opposition to plaintiffs' motion for class certification dated October 20, 2011 (Dkt. No. 259). The auditor defendants did not respond. The précis request was deemed the motion to strike and defendants were ordered to show cause why the supplemental declaration should not be stricken (Dkt. No. 263). Attorney Wolosky submitted a declaration in response to the order to show cause (Dkt. No. 265).

Plaintiffs' contend in their motion that at the October 19, 2011, class certification motion hearing, the Court directed plaintiffs to submit appropriately highlighted offering memoranda for the partnerships but did not authorize defendants to make any other filings in connection with the class certification motion (Br. 1). This is true. In a declaration in response to the order to show cause, Attorney Wolosky states that he submitted the supplemental declaration "because [he] was

unsure whether Plaintiffs' counsel would highlight and/or underline key language that supported the argument that [he] had made at oral argument" (Dkt. No. 265 at ¶ 4). He further stated that he wanted to assist the Court in focusing on the pertinent language of the offering memoranda (*id*. at ¶ 5).

Attorney Wolosky's supplemental declaration dated October 20, was filed without leave of court. Attorney Wolosky should have submitted all of the information he wanted the Court to consider for the class certification motion in his briefing, at the appropriate time, as defined by the Civil Local Rules. The supplemental declaration dated October 20, was untimely and improper.

Thus, Attorney Wolosky's supplemental declaration dated October 20, is hereby **STRICKEN**.

**IT IS SO ORDERED.**

Dated: October 31, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE