IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN FAMILY TRUST, and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKY BELL ASSET MANAGEMENT, LLC, *et al.*,<br><br>Defendants. | No. C 10-03588 WHA<br><br>**ORDER ON REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MOTION PURSUANT TO RULE 60(b)(1)** |

Plaintiffs have submitted a request seeking leave to file a motion for partial reconsideration of the order conditionally granting the motion for class certification, dated October 28, 2011, or in the alternative, leave to file an expedited motion to continue certain of the pretrial dates set forth in the second amended case management order (Dkt. No. 270). Defendant Rothstein Kass & Company, P.C., has filed a response stating it will abstain from taking any position with respect to plaintiffs' request (Dkt. No. 271). Plaintiffs' request for leave to file a motion for partial reconsideration is **DENIED**. Plaintiffs' request for leave to file an expedited motion to postpone certain of the pretrial dates set forth in the second amended case management order is **GRANTED**.

Plaintiffs request reconsideration of the portion of the Rule 23 order dated October 28, that requires plaintiffs to associate co-counsel before the undersigned judge will define and certify the classes (Dkt. No. 264 at 11). Plaintiffs were ordered to associate co-counsel by November 30 if they wish to proceed as representatives of a class.

Pursuant to Civil Local Rule 7-9, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration." The moving party must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought . . . [and] in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Plaintiffs do not indicate under which subsection of Local Rule 7-9 they seek leave for reconsideration.

Five bases are asserted for plaintiffs' request for leave to file a motion to reconsider the requirement that co-counsel be associated by November 30. Each is addressed in turn.

*First*, plaintiffs argue that the portion of the Rule 23 order "criticizing Plaintiffs for the Fund Defendants' settlement was based on an incorrect conclusion that the settlement was driven by and came after the Order Granting Fund Defendants' and Eden Rock Defendants' Motion to Dismiss for Lack of Venue" and that the "Court has effectively punished Plaintiffs' counsel for 'having sued in the wrong district'" (Dkt. No. 270 at 2). Not so. Based on the record in this action, counsel engaged in attempts to settle after the fund defendants and Eden Rock defendants filed their motions to dismiss for lack of venue, at which point counsel was put on clear notice of having sued in the wrong district. The motions were held in abeyance by order dated April 11, 2011, to permit supplemental briefing and discovery. The critical point is that counsel engaged in settlement discussions on behalf of named plaintiffs and members of the proposed settlement class while the threat of dismissal based on the venue issue loomed large. Indeed, counsel signed a proposed settlement with the fund defendants on June 10 and with the Eden Rock defendants on August 11. And, settlement discussions occurred prior to counsel seeking leave to file a motion for appointment of interim class counsel, as had been required (Dkt. No. 66 at 4–5) (Plaintiffs did

2

request leave to file a motion for appointment as interim class counsel on August 3, but this was after the fact, namely only after counsel had engaged in settlement discussion and had signed a proposed settlement agreement with the fund defendants.) Absent class members deserve to have their claims settled on the merits, without any extra discount for having sued in the wrong district. Counsel is incorrect in asserting that the Rule 23 order was grounded in an error of fact. Thus, as to this first issue, the Court does not find that plaintiffs' have made a showing pursuant to Local Rule 7-9 warranting reconsideration.

*Second*, plaintiffs assert that they made a sufficient showing as to numerosity, and should not be made to associate co-counsel based on deficient briefing on the numerosity issue. They note that the Court previously relied on defendants' sworn submissions in rendering a decision under the Class Action Fairness Act, "accepting jurisdiction over th[is] case which involved, in part, a determination as to the number of potential class members" (Dkt. No. 270 at 2). CAFA requires determination of the aggregate number of class members. Rule 23 requires more. And where certification of subclasses is requested, as it was here, Rule 23 requires a determination of numerosity as to each subclass. The Rule 23 order detailed the deficiencies in plaintiffs' briefing on the numerosity issue (Dkt. No. 264 at 6–7). That analysis remains unaffected by plaintiffs' suggestion that the numerosity determination as to CAFA has some bearing on the Rule 23 numerosity determination. Plaintiffs state no basis, pursuant to Local Rule 7-9 warranting reconsideration.

*Third*, plaintiffs request that the Court reconsider "denying Plaintiffs' counsel the position of sole class counsel based on a glitch," the glitch being counsel's failure to "allege claims three, four, and five against Rothstein Kass by the Night Watch class despite amending the complaint three times" (Dkt. No. 270 at 3). This was not the sole basis for requiring association of co-counsel. It was part an error and omission by counsel constituting part of a pattern of conduct. Indeed, the order stated: "Ordinarily, the judge would let [this] go . . . and move on but a little more deserves to be said because it bears on the genuine question in this case of adequacy of counsel to represent the proposed classes" (Dkt. No. 264 at 2). Plaintiffs' argument on this issue does not state a basis under Local Rule 7-9 for reconsideration.

3

*Fourth*, plaintiffs contend that failure to properly serve a foreign defendant did "not reflect such a serious error as to warrant denial of the position of sole class counsel," noting counsel's "extensive legal argument as to why their efforts to serve [the defendant] were sufficient" (Dkt. No. 270 at 3–4). This point comes down to counsel's disagreement with the Rule 23 order that counsel's performance has been "marginal at best" (Dkt. No. 264 at 11). Such disagreement is not a basis under Local Rule 7-9 for reconsideration.

*Fifth*, plaintiffs state that the named plaintiffs "are prepared to submit declarations to the Court stating that they do not wish to be represented by additional counsel, have an effective working relationship with their existing counsel, and continue to have confidence in them" (Dkt. No. 270 at 4). While it is important for clients to have counsel in whom they are confident, in the class action context, as here, the undersigned must also consider and protect the interests of absent class members, not just the named plaintiffs. If plaintiffs refuse to bring in additional competent counsel, then they can do so as to their own individual claims, but they will not be allowed to take control of and put in jeopardy the claims of other investors.

Finding no basis upon which to grant plaintiffs leave to file a motion for reconsideration, the Court is willing to provide plaintiffs with some relief. In accordance with counsel's request, the deadline to associate co-counsel will be extended to December 31, 2011, and the deadline for fact and expert discovery will be extended to January 31, 2012, to permit new co-counsel to take part meaningfully in discovery. Plaintiffs' request for leave to file an expedited motion to continue certain of the pretrial dates set forth in the second amended case management order is **GRANTED**.

\*          \*          \*

On similar but not exactly the same grounds, plaintiffs have also submitted a request pursuant to Rule 60(b)(1), for leave to file a motion for relief from alleged errors in the Rule 23 order (Dkt. No. 267). No opposition or response has been submitted.

Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding, for the following reasons: (1) mistake, inadvertence,

4

surprise, or excusable neglect." Plaintiffs seek leave to file a motion pursuant to Rule 60(b)(1) based on four grounds.

Two of the four issues raised pursuant to Rule 60(b)(1) are similar to those addressed above in the first part of this order regarding reconsideration. *First*, as to the proposed settlement, plaintiffs contend the previous order mistakenly concluded that the settlement with the wrong-venue defendants was at a discount because of the venue dismissal (Dkt. No. 267 at 2). The Court has been aware all along that the settlement was made while the motion to dismiss for lack of venue was pending. While the venue issue was hanging in the balance and discovery thereon was allowed, counsel used this opportunity to try to reach a settlement (*see supra* p. 2–3). In the Court's judgment and experience, pendency of a jurisdictional issue looming large would have been an ever-present, if unspoken, discount factor in the negotiations.

*Second,* regarding numerosity, plaintiffs contend that the order at issue was incorrect in criticizing plaintiffs for being unclear on this Rule 23 requirement and that their briefing on the issue met the legal test for establishing numerosity. Plaintiffs cite *In re LDK Solar Securities Litigation*, 255 F.R.D. 519, 525 (N.D. Cal. 2009), a decision by the undersigned judge, in which there was no dispute regarding numerosity, for the proposition that there is no requirement that plaintiffs proffer the precise number of investors to establish numerosity. But plaintiffs fail to discuss the part of the decision that stated "mere speculation of the number of class members involved does not satisfy the requirement of Rule 23(a)(1)." *Ibid.* As stated in the first part of this order, the Rule 23 order detailed the deficiencies in plaintiffs' numerosity briefing.

Based on the analysis set forth in the preceding discussion of these two issues in the first part of this order and in this part, the order finds no basis, as to either, upon which to grant relief pursuant to Rule 60(b)(1).

Plaintiffs also raise two new points regarding the Rule 60(b)(1) motion. *First*, plaintiffs contend that the order was incorrect in stating that counsel had not alerted the Court in its briefing to its scaled-back request for certification. In support of this argument, plaintiffs quote a sentence from the introductory paragraph of their reply brief, which stated, "the focus of this reply memorandum will be on the requested certification of subclasses as to the Auditor Defendants

5

only" (Dkt. No. 267 at 3). It is true that this statement was in the reply brief. So too were several other statements indicating that plaintiffs were still seeking certification of an omnibus class and seven subclasses. Those statements were quoted in the Rule 23 order (Dkt. No. 264 at 2–3). One example is the following statement: "Plaintiffs respectfully request that the Court enter an Order . . . (2) certifying a plaintiff Class, as well as Subclasses for all persons or entities who own interests in each of the limited partnerships" (Dkt. Nos. 236 at 12; 264 at 3). There was no error in the Rule 23 order's conclusion that plaintiffs were hopelessly muddled as to their scaled-back request for certification. As to this issue, there is no basis for relief pursuant to Rule 60(b)(1).

*Second*, plaintiffs state that they are unaware of any statement made by counsel, suggesting that plaintiffs may seek to rely on anecdotal or individualized evidence rather than class-wide proof, as the Rule 23 order indicated. The Court's concern, as expressed in that order, was based on a dialogue with the Court concerning the need for a common method of proof wherein plaintiffs' counsel indicated they would rely on what seemed to be anecdotal statements made to the named plaintiffs. As to this issue, there is no basis for relief pursuant to Rule 60(b)(1).

Based on the foregoing, the order concludes there is no basis for relief pursuant to Rule 60(b)(1). Leave to file a motion pursuant to Rule 60(b)(1) is **DENIED**.

Defendant Rothstein Kass seeks clarification as to Gold Bennett Cera & Sidener LLP's authority to prosecute this action in the current absence of co-counsel (Dkt. No. 271 at 2). Gold Bennett Cera & Sidener LLP's authority to prosecute this action is limited only by the Rule 23 order, requiring the association of co-counsel prior to defining and certifying the classes.

**IT IS SO ORDERED.**

Dated: November 18, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

6