IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDGAR W. TUTTLE, ERIC BRAUN, THE BRAUN
FAMILY TRUST by its co-trustee ERIC BRAUN,
and WENDY MEG SIEGEL, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

  v.

SKY BELL ASSET MANAGEMENT, LLC, *et al.*,

       Defendants.

_____/

No. C 10-03588 WHA


**ORDER PARTIALLY
GRANTING MOTION FOR
CLASS CERTIFICATION**

## INTRODUCTION

A motion for class certification was earlier conditionally granted. Having satisfied the conditions set forth in that order, plaintiffs now move for certification of classes. After consideration of the record and a hearing, this order certifies three classes, appoints class counsel, and appoints a class representative for each class.

## STATEMENT

This action began as a suit against 25 defendants. Six remain. Certification of the classes is sought only as to auditor defendant Rothstein Kass & Company, PC. The background has been set forth in previous orders (*see* Dkt. No. 264). This action is based on various state law theories. It is not a securities fraud case. Various limited partnership investment opportunities cratered. All of the investment opportunities were arranged and controlled by defendant Sky Bell Asset Management, LLC. In turn, the investment funds invested in yet other funds ostensibly in

United States District Court
For the Northern District of California

accordance with the stated investment strategies. Each opportunity was a separate limited

partnership and each went bad. Plaintiffs allege that the auditor should have discovered the

various management wrongs.

Plaintiffs move for certification of classes to be defined as follows (Br. 2):

> All persons who hold limited partnership interests in Agile Sky
> Alliance Fund, LP; Night Watch Partners, LP; and/or PipeLine
> Investors, LP. Excluded from the Classes are the Defendants, the
> officers, directors, and agents of the Defendants, as well as
> members of their families, heirs, successors or assigns, and any
> entity in which Defendants have or had a controlling interest.

### 1. PRIOR ORDER CONDITIONALLY GRANTING MOTION FOR CLASS CERTIFICATION.

A hearing on plaintiffs' initial motion for class certification took place in October 2011

(Dkt. No. 207). Following consideration of full briefing, various supplemental submissions, and a

hearing, an order conditionally granted plaintiffs' motion (Dkt. No. 264). Three of the four

proposed classes were conditionally certified, namely an Agile Sky class, Night Watch class, and

PipeLine class, each consisting of persons or entities who acquired limited partnership interests in

the respective limited partnerships. The fourth proposed class, consisting of persons or entities

who acquired limited partnership interests in Wailea Partners, LP, was not certified, conditionally

or otherwise.

The order analyzed each of the Rule 23(a) requirements. It found numerosity lacking for

the proposed Wailea class. Thus, all class claims against defendant McGladrey & Pullen, LLP,

fell away, leaving Rothstein Kass as the only auditor defendant remaining in the action.

Numerosity was found as to the proposed PipeLine, Night Watch, and Agile Sky classes based on

counsel's representations and documentation that, at a minimum, the limited partnerships had the

following number of non-defendant investors: PipeLine had 93; Night Watch had 70; and Agile

Sky had 40. Post order and recent submissions, however, now show that the PipeLine class has

only 35 non-defendant investors. This shortfall will be addressed below. Commonality and

typicality as to the three proposed classes were also found.

As to adequacy, Mr. Eric Braun was found to be an adequate representative of the

proposed PipeLine class. Mr. Edgar Tuttle was found to be an adequate representative of the

proposed Night Watch class. A determination of the adequacy of the proposed representative for the Agile Sky class was not made. Instead, plaintiffs were permitted to amend their complaint to clarify whether the proposed representative for the Agile Sky class was the Braun Family Trust, or Mr. Braun, as co-trustee on behalf of the Braun Family Trust, as was suggested in the reply brief. This issue is resolved herein below.

Gold Bennett Cera & Sidener LLP, plaintiffs' counsel of record at the time, sought appointment as class counsel. After thorough review of their unsatisfactory record of performance in this action, the order concluded that Gold Bennett Cera & Sidener LLP, would be appointed class counsel only subject to satisfaction of the conditions set forth in that order, namely, association of co-counsel "known to practice at the level customary for an investor class in this district" (Dkt. No. 264 at 10–11).

As to Rule 23(b)(3), under which plaintiffs sought certification, the order found that there were "clear common issues of fact as to each of the proposed classes concerning the quality of the work performed by Rothstein Kass on its audits of the three limited partnerships at issue" (*id*. at 9). The order presumed those issues would predominate and also found that a class action would probably be superior to multiple individual actions and that difficulty in managing the class action would be reduced, as the case had been narrowed to only one defendant.

**2.    AMENDED CLAIMS FOR RELIEF.**

After the hearing on the motion for class certification, plaintiffs were permitted to amend to cure various pleading defects. Plaintiffs filed a fourth amended complaint to make clear that claims three, four, and five were alleged by the Night Watch and PipeLine classes, not only the Agile Sky class.

The fourth amended complaint now pleads five claims for relief. Certification is sought as to claims two, three, four, and five, all alleged against Rothstein Kass. The claims are as follows: claim two alleges aiding and abetting breaches of fiduciary duty; claim three alleges negligence; claim four alleges unjust enrichment; and claim five alleges for an accounting. This order does not adjudicate whether any such claims have merit.

*          *          *

United States District Court
For the Northern District of California

1    The order conditionally granting the motion for class certification specifically stated that

2    classes would not be defined and certified until:  (1) association of co-counsel "known to practice

3    at the level customary for an investor class in this district"; (2) submission of a precise list of

4    investors for the Agile Sky, PipeLine, and Night Watch classes, including names, addresses,

5    amounts invested, and the date of investment; and (3) submission by counsel indicating the

6    longest period of statute of limitations.  These conditions have been satisfied.

**ANALYSIS**

7

8    Rule 23(a) requires a court granting class certification to find:  (1) numerosity of the class;

9    (2) commonality of legal or factual questions; (3) typicality of the named plaintiffs' claims and

10   defenses; and (4) that the named plaintiffs and plaintiffs' counsel can adequately protect the

11   interests of the class.  Certification under Rule 23(b)(3) requires that the court find "that the

12   questions of law or fact common to class members predominate over any questions affecting only

13   individual members, and that a class action is superior to other available methods for fairly and

14   efficiently adjudicating the controversy."

15   The prior order left three main substantive issues to be resolved, pending submission of

16   supplemental briefing:  (1) choice of law regarding class claims; (2) adequacy of the proposed

17   class counsel and proposed Agile Sky class representative; and (3) definition of the classes.  In

18   light of plaintiffs' submission of a corrected list of investors, a fourth issue now needs to be

19   discussed regarding numerosity as to the PipeLine class, next addressed.

20   **1.    NUMEROSITY.**

21   As stated, numerosity was found as to the PipeLine, Agile Sky, and Night Watch proposed

22   classes, all based on the representations of counsel.  The Court determined that at a minimum the

23   PipeLine class would consist of 93 members.

24   After the order conditionally granting the motion for class certification, counsel submitted

25   a list of investors for the three proposed classes.  By the Court's count, the list identified the

26   following number of non-defendant investors:  PipeLine had only 35, not 93 as earlier

27   represented; Night Watch had 80; and Agile Sky had 53.  An order issued requiring counsel to

28   explain the discrepancy in the number of prospective PipeLine class members previously

United States District Court

For the Northern District of California

1   proffered to the Court and the number identified in plaintiffs' submission dated November 30,

2   2011. Defendant Rothstein Kass responded that it had previously determined that there were 93

3   PipeLine class members based on a physical count of K-1s sent to persons or entities who were

4   investors in PipeLine in 2006, which was the last year it conducted an audit for PipeLine (Dkt.

5   No. 311).

6       In their response, counsel for plaintiffs indicated that after the conditional class

7   certification order, they obtained additional records from the PipeLine partnership and the

8   successor auditor to Rothstein Kass, who performed the audit for the year ended December 31,

9   2008. Those records formed the basis of plaintiffs' more recent corrective submission. Plaintiffs

10  now state that as of December 1, 2008, the year in which the limited partners sustained damages

11  in connection with their respective Sky Bell partnership investments, there were only 39 limited

12  partners in the PipeLine class, from which four must be deducted as affiliated with defendants.

13  Defendant does not dispute this.

14      It is regrettable that counsel's previous submissions on the numerosity issues were so

15  unreliable. Still, we will continue with class treatment given that we have come so far down the

16  road of class certification (and given that defendant does not oppose) (Dkt. No. 307).

17      **2.    CHOICE OF LAW AND MANAGEABILITY.**

18      Where certification of a nationwide class is sought, as it is here, there is the potential that

19  class treatment would be unmanageable if various state laws were applied to the claims. At the

20  first hearing on the class certification motion, in an effort to address this potential problem of

21  manageability, the Court inquired as to whether California law would apply to all claims.

22  Defendant contended that it should not. Plaintiffs disagreed. Supplemental briefing was ordered

23  to address this choice-of-law issue.

24      The parties expressly agree that the negligence claim will be governed by California law

25  (Dkt. Nos. 272 at 3; 279 at 10). As for the claim for aiding and abetting breaches of fiduciary

26  duty, the parties disagree. Plaintiffs call for California law to apply. Defendant contends that

27  Delaware law should apply to some, if not all, of the individual class members claims for aiding

28  and abetting breaches of fiduciary duty. Resolution of this choice-of-law issue can be postponed,

United States District Court

For the Northern District of California

1  for at a minimum, we now know that there will not be a multiplicity of various state laws tied to

2  the residency of individual class members.  Therefore, most likely, there will not be a

3  manageability problem on the issue of choice of law.

4          With respect to the claim for an accounting, the calculus is more complicated.  Plaintiffs

5  state that California law applies.  Defendant states that the law of residence of the individual

6  members of the class applies and points specifically to the laws of Florida, Washington,

7  Colorado, and New York, which defendant deems "the most prevalent among the states of

8  plaintiffs' residence" (Dkt. No. 272 at 2).  Again, however, this issue can be postponed because

9  even if four or five other state laws will need to be applied, a question not now resolved, it will be

10  manageable.

11          With respect to the unjust enrichment claim, plaintiffs invoke California law and

12  defendant remains silent, thereby acquiescing to application of California law.  It is worth

13  observing further that in the Court's judgment, unjust enrichment is not a stand-alone "cause of

14  action," but instead, is a form of relief (that may be or may not be warranted after some other

15  claim is established).

16          With respect to the general issue of manageability, therefore, this order finds that the

17  action can be managed effectively as a class action.

18      **3.      ADEQUACY OF PROPOSED CLASS COUNSEL AND
                PROPOSED AGILE SKY CLASS REPRESENTATIVE.**

19

20          Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect

    the interests of the class."  This requires that (1) the proposed representative plaintiffs and their

21  counsel do not have any conflicts of interest with the proposed class and (2) that the named

22  plaintiffs and their counsel will prosecute this action vigorously on behalf of the class.  *Hanlon v.*

23  *Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

24          **A.      Proposed Agile Sky Class Representative.**

25          In their opening brief on the initial motion for class certification, plaintiffs proposed that

26  the Braun Family Trust be named as class representative for the Agile Sky class.  On reply,

27  plaintiffs requested that Mr. Braun, who is co-trustee of the Braun Family Trust, serve as the class

28  representative (Dkt. No. 236 at 6).  To avoid potential standing issues that may be raised as to the

6

United States District Court

For the Northern District of California

1   Trust's capacity to sue as a trust, plaintiffs were granted leave to amend their complaint to reflect

2   that the Braun Family Trust would be suing by its co-trustee Mr. Braun.  Plaintiffs so amended.

3           The Braun Family Trust invested in the Agile Sky Alliance Fund, LP, and alleges harms

4   resulting from Rothstein Kass' audit of the limited partnership.  Mr. Braun, as co-trustee of the

5   Braun Family Trust, would be an adequate representative for the Agile Sky class.

6           Mr. Braun was found to be an adequate representative of the proposed PipeLine class and

7   Mr. Tuttle was found to be an adequate representative of the proposed Night Watch class.

8                           **B.      Proposed Class Counsel.**

9           The order conditionally granting the motion for class certification required Gold Bennett

10  Cera & Sidener LLP, to associate co-counsel in order to be considered for appointment as class

11  counsel.  The firm of Cohen Milstein Sellers & Toll PLLC, was associated as co-counsel and

12  requests to be appointed, together with Gold Bennett Cera & Sidener LLP, as class counsel.

13  Cohen Milstein Attorneys Herbert E. Milstein (partner), Joshua S. Devore (partner), and Matthew

14  B. Kaplan (associate) have entered appearances on behalf of plaintiffs.  The Court expects

15  Attorney Milstein to take an active role in managing this case.

16          Review of the firm and new co-counsel's resumes shows that the Cohen Milstein firm has

17  represented individuals, small businesses, institutional investors, and employees in major class

18  actions across the country, including in this district, and before this judge.  Furthermore, the

19  resumes of newly-joined co-counsel show that they are experienced securities class-action

20  litigators.

21          The previous order discussed the record of performance of Gold Bennett in this action in

22  detail (Dkt. No. 264 at 10–11).  Given their extensive work on this action to date, and thus, their

23  familiarity with the facts, there will be some benefit to the classes to permitting Gold Bennett to

24  serve as class counsel along with Cohen Milstein.

25          The order finds the firms of Cohen Milstein and Gold Bennett will provide adequate

26  representation to the classes and vigorously prosecute this action.  Defendant does not challenge

27  the adequacy of the above-named counsel to serve as class counsel (Dkt. Nos. 271 and 307).

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CONCLUSION

For all of the above-stated reasons, plaintiffs' motion for class certification is **GRANTED IN PART AND DENIED IN PART.**

The following Agile Sky class is **CERTIFIED** under Rule 23(b)(3) to pursue claims for an accounting, unjust enrichment, aiding and abetting breaches of fiduciary duty, and negligence against Rothstein Kass & Company, PC:

> All persons or entities that held a limited partnership interest in Agile Sky Alliance Fund, LP, during the time period Rothstein Kass & Company, PC, provided accounting services or conducted audits of Agile Sky Alliance Fund, LP's financial statements, including anyone who has acquired claims against Rothstein Kass & Company, PC, arising out of such accounting and auditing services during said period.  This class includes, without limitation, the following persons or entities and their affiliates and/or related persons or entities:  Andrew Glassner; Braun Family Trust (Eric Braun & Wendy Siegel Trust); Brooke T. McLaughlin; Blair C. McLauglin; The Carrswold Partnership; The Bruce and Lisa Cary Family Trust dtd 3/7/95; Charles Scull TTEE Theodore C Scall '91 TRUST 05/30/91; Clark Family Trust; David F. Kaplan; David Muckenhirn; Deustch Bank (Cayman), Ltd fbo HSBC USA; Inc; DFK Limited Partnership; Elton B. Fox Trust; NTC & Co. FBA Paul J. Kress IRA; NTC & Co. FBO Nathaniel I. Durlach IRA; Frantzis Revocable Trust; Gary Marks d/o/t 10/7/96; Geoff M. Gotsch Management Trust; Goldsmith Services LLC; Henri S. Shatkin; James C. Sciaroni; Janet Cooper Trust dtd 9/25/95; Jeffrey Wolinsky; JMG Investment Trust (Josh Glazier, Trustee); Jones Family Trust; Kimberly Taylor; Lefebvre, Jon; Linda H. McLaughlin; M. Mehdi Akhavein; Margaret A. Cellucci; Marie Kotik; Michael K. Leary Revocable Trust, dtd 7/9/92; Neubieser Family Revocable Trust; Night Watch Partners LP; NYROY* – Acct # 1516 Pledged to Royal Bank of Canada; Ozcar Multi Strategies LLC Class C #13; Ozcar Multi Strategies, LLC Class C #144; Peter M. Durlach; Phoenix Lake Partners Series E; Pipeline Investors LP; Radetsky Family Trust; RBC Alternative Assets L.P.; Richard L. & Patricia E. Bennett; Richard Maloof; Christopher & Marni Ris Family Trust; Rosalind C. Barnett; NTC & Co. FBO Samuel Rosenberg IRA; Sheilah J. Glover Revocable Living Trust; Sovereign Inherent Return Fund, LP; Stephen G. And Cathryn W. Schmidt; Steven K. Fox; Straus, Ari, & Molly; Straus, Marc, & Livia; The Irrevocable Gifting Trust FBO Pamela Anna Polland-Ernst; Thomas R. Thurston; Timothy McLaughlin; and Throne, James, & Dorothy.
>
> Excluded from the Class are defendants, the officers, directors, and agents of the defendants, as well as members of their families, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest, and any of the above-named individuals or entities who timely opt out.

The following Night Watch class is **CERTIFIED** under Rule 23(b)(3) to pursue claims for an accounting, unjust enrichment, aiding and abetting breaches of fiduciary duty, and negligence against Rothstein Kass & Company, PC:

> All persons or entities that held a limited partnership interest in Night Watch Partners, LP, during the time period Rothstein Kass & Company, PC, provided accounting services or conducted audits of Night Watch Partners, LP's financial statements, including anyone who has acquired claims against Rothstein Kass & Company, PC, arising out of such accounting and auditing services during said period. This class includes, without limitation, the following persons or entities and their affiliates and/or related persons or entities: Andres Edwards & Rochelle J Edwards TTEES of the Edwards Family Trust 2002; Andrew Glassner; Brenda J Scarborough; Bruce and Lisa Cary Family Trust; Bruce or Caroline Frantzis TTEES Frantzis Revocable Trust dtd Apr 10, 1995; Carol Golden; Charles S. Scull; Charles Scull TTEE Theodore C. Scull Trust 5/30/91; Charles Scull TTEE Theodore C. Scull Trust 6/10/96; Charles Schwab & Co. FBO Michael K Leary IRA; Christine Doan; Christopher & Marni Ris Family Trust dtd 10/20/99; Christopher Ris Custodian for Shallin E Ris UCAUTMA until age 21; Clare McLaughlin (Wood); Clark Family Trust; Commercial Associates LLC; Dale Borglum; David Muckenhirn; Dean J. Radetsky, Custodian for Amara M. Radetsky CAUTMA til age 25; Diane Vasiliou; Donald Barrick; Edgar and Mara Tuttle; Elizabeth A Russell Rev Trust; Elizabeth Wright; Frederick and Regina Bertrand; Goldsmith Services, LLC; Greg Carroll; Gregory B. & Bobbe DAmbrosio Collins; The Jacob Liberman Revocable Trust dtd 10/03/02; James C. Sciaroni; Janet Cooper Trust dtd 9/25/95 (c/o Michael Green, CPA); Jeffrey Wolinsky; Joe Matulich & Stacy Stone; Jones Family Trust, dated 1/25/06; Katherine Norby; Kathryn J. Harris; Linda H. McLaughlin; M & S Capital Fund; Margaret A. Cellucci MPP (First Trust Corp. FBO); Margaret A. Cellucci PSP; Margaret A. Cellucci Trust; Mark Christiansen & Amy Lodato, JTWROS; Michael R. & Judi Keenholtz Revocable Trust; Millennium TrustCo., LLC Ttee/Cust FBO Michael Kevin Leary IRA 90R590010; Nadine M. Payn 2002 Trust; Nathaniel Durlach; NTC & Co. FBO Alfred Neubieser PRI Account # 060000012427; NTC & Co. FBO Andrew Stephen Andrew Glassner PRI Account # 031038027760; NTC & Co. FBO Bruce M Cary PRI Account # 007901130002; NTC & Co. FBO Carol Ann Golden PRI Account # 031050001072; NTC & Co. FBO Dario Campanile PRI Account # 031038004707; NTC & Co. FBO Deborah Braun PRI Account # 060000111798; NTC & Co. FBO Joseph Matulich PRI Account # 060000003453; NTC & Co. FBO Karin Smatt-Robbins PRI Account # 031038014300; Lisa B Cary PRI Account # 007901130003; NTC & Co. FBO Nadine M. Payn PRI Account # 060000091729; NTC & Co. FBO Norm Gotsch PRI Account # 060000008820; NTC & Co. FBO Paul J. Kress PRI Account # 031038029899; NTC & Co. FBO Richard E. Russell PRI Account # 031038016562; NTC & Co. FBO Richard L. Bennett PRI Account # 031038027773; NTC & Co. FBO Stacey Stone PRI Account # 060000003452; NTC & Co. FBO Stacey Stone PRI Account # 060000003472; NTC & Co. FBO Thomas

United States District Court
For the Northern District of California

9

Richard Thurston PRI Account # 003403210001; NTC & Co. FBO Thomas Richard Thurston PRI Account # 031037998801; NTC & Co. FBO Virginia De Bonis PRI Account # 060000011875; Pamela Anna Polland-Ernst Revocable Trust dtd 12/15/98 as amended; Peter Durlach; Radetsky Family Trust; Randal D. Bensen & Aline S. Bensen Community Property; Richard Maloof; Rosalind C. Barnett; Sarah Keenan Living Trust; Scott Thomas Vallerga; Sheilah J Glover TTEE Shelia J Glover Revocable Living Trust dtd 10/18/88; Sky Bell Asset Management, LLC; Stephen G. And Cathryn W. Schmidt; Steven K. Fox; The Neubieser Family Revocable Trust; Thomas Thurston; Trust A of the Last Will and Testament of Don J Clark 02/11/82; Trust under trust agreement of Andrew Braun dtd 10/16/98 for the benefit of Deborah Braun.

Excluded from the Class are defendants, the officers, directors, and agents of the defendants, as well as members of their families, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest, and any of the above-named individuals or entities who timely opt out.

The following PipeLine class is **CERTIFIED** under Rule 23(b)(3) to pursue claims for an accounting, unjust enrichment, aiding and abetting breaches of fiduciary duty, and negligence against Rothstein Kass & Company, PC:

All persons or entities that held a limited partnership interest in PipeLine Investors, LP, during the time period Rothstein Kass & Company, PC, provided accounting services or conducted audits of PipeLine Investors, LP's financial statements, including anyone who has acquired claims against Rothstein Kass & Company, PC, arising out of such accounting and auditing services during said period.  This class includes, without limitation, the following persons or entities and their affiliates and/or related persons or entities:  Andrew Glassner; Bruce and Lisa Cary Family Trust; Carol Golden; Carona Partners, Ltd.; Charles Schwab c/f Anthony Cockcroft IRA # 8117-0784; Charles Scull TTEE Theodore C. Scull Trust 6/10/96; Clark Family Trust; Dan Zak; Elton B. Fox Trust; Energy Arts PSP – Bruce Frantzis; Gary Marks; Geoffrey M. Gotsch Management Trust dtd 4/3/2006; Henry S. Shatkin; James C. Sciaroni; Jeffrey Wolinsky; Linda H. McLaughlin; Margaret A. Cellucci; Mark Christiansen & Amy Lodato, JTWROS; Michael K. Leary Revocable Trust dtd 7/9/92, amended 10/31/95; Michael Sanderson; Night Watch Partners, LP; NTC & Co. FBO Eric Alan Braun PRI Account # 031038011148; NTC & Co. FBO Christopher Ris PRI Account # 031038003034; NTC & Co. FBO Christopher Ris PRI Account # 060000083827; NTC & Co. FBO Gregory B Collins PRI Account # 031038030747; NTC & Co. FBO Mark Christiansen PRI Account #060000068440; Orest Bilous Living Trust; Phoenix Lake Partners, LP – Series E(2); Radetsky Family Trust; Ray Cote; Richard Maloof; Robert Dupree IRA Charles Schwab & Co., Inc. Custodian; Sheilah J Glover TTEE Sheilah J Glover Revocable Living Trust dtd 10/18/88; Sky Bell Asset Management, LLC; Steven K. Fox; The

United States District Court

For the Northern District of California

> Neubieser Family Revocable Trust; Vevey Holdings Limited; William Nelson; William M. Ernst Revocable Trust.
>
> Excluded from the Class are defendants, the officers, directors, and agents of the defendants, as well as members of their families, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest, and any of the above-named individuals or entities who timely opt out.

The class definitions shall apply for all purposes, including settlement. Eric Braun is **APPOINTED** as class representative of the PipeLine class. Edgar Tuttle is **APPOINTED** as class representative of the Night Watch class. Eric Braun, as co-trustee of the Braun Family Trust, is **APPOINTED** as class representative of the Agile Sky class.

Pursuant to Rule 23(g), Attorneys Gwendolyn R. Giblin and Solomon B. Cera of the Gold Bennett Cera & Sidener LLP, firm and Attorneys Herbert E. Milstein, Joshua S. Devore, and Matthew B. Kaplan of the Cohen Milstein Sellers & Toll PLLC, firm are hereby **APPOINTED** as class counsel for all plaintiff classes. Gold Bennett Cera & Sidener LLP, and Cohen Milstein Sellers & Toll PLLC, must make a conscious effort to reduce and eliminate duplication of efforts.

Counsel shall have until **FEBRUARY 21, 2012**, to vet the names listed as being included in the class and to advise the Court of any and all corrections.

Plaintiffs have submitted a form of class notice and plan of dissemination. By **FEBRUARY 21**, counsel shall submit an agreed-on form of class notice and plan of dissemination and time table. The class notice shall state the following very near the outset:

> Control of any and all claims that class members individually and collectively have against Rothstein Kass & Company, PC, will be transferred to the class representative and their counsel, except for class members who opt out by the deadline. This means that if you remain in the class and the class loses or receives a disappointing outcome, you and all other class members will be stuck with that outcome and cannot sue again. Therefore, you should think carefully whether you wish control of your claim(s) against Rothstein Kass to be controlled by the respective class representatives and class counsel, as opposed to controlling the claim(s) yourself. You should also be aware that if there is any recovery, plaintiffs' counsel will seek a percentage of this recovery as a fee, over and above recovery of their amount of out-of-pocket expenses. Defendant Rothstein Kass & Company, PC has stated its intention to bring a motion for summary judgment. If this was to occur, and if the motion was granted in full, there would not be a trial and your claim(s) would be extinguished. It is also possible that summary judgment could be granted as to some claims but not

others, in which case, trial would proceed only on those claims that survived summary judgment.

**IT IS SO ORDERED.**



Dated:  February 10, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

12