# EXHIBIT 1



THE RESOLUTION EXPERTS®

March 29, 2012

The Honorable William H. Alsup
United States District Judge
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *Tuttle vs. Sky Bell Asset Management, LLC, et al.,*
            USDC Case No. CV 10-03588 WHA

Dear Judge Alsup:

    On March 2, 2012, I presided over a voluntary, non-binding Mediation in the above-captioned case, to resolve the disputes among the class Plaintiffs Edgar W. Tuttle, an individual, Eric Braun, an individual, and The Braun Family Trust, on behalf of themselves and all others similarly situated ("Plaintiffs") and Defendant Rothstein Kass & Company, P.C. ("RK"). Plaintiffs were represented at the Mediation by Solomon B. Cera, Esq. of Gold Bennett Cera & Sidener LLP, and Herbert E. Milstein, Esq. and Joshua S. Devore, Esq. of Cohen Milstein Sellers & Toll PLLC. RK was represented by Maryann R. Marzano, Esq. of Blecher & Collins, P.C. and Joel M. Wolosky, Esq. of Hodgson Russ LLP. General and Associate counsel for RK also attended, together with a senior representative of RK's insurance carrier.

    I am a retired District Judge from the Central District of California, having served for nineteen years on the federal and state benches. I have presided over both class action cases and complex securities and business actions as a federal judge during 1990-2005. Following retirement from the federal bench, I associated with JAMS, where I have served as a mediator and arbitrator for seven (7) years, handling numerous complex matters. My resume is attached.

1

In addition to receiving and reviewing the confidential Mediation briefs submitted by the parties, I was provided with and had the opportunity to review in advance of the Mediation the pertinent Orders entered in this case including, but not limited to, the Court's Memorandum of Opinion Regarding Factors to be Evaluated for any Proposed Class Settlement (Dkt. No. 66); the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge Alsup (Dkt. No. 4); the Second Amended Case Management Order (Dkt. No. 69); the Order Conditionally Granting Class Certification (Dkt. No. 264); and the Order Partially Granting Motion for Class Certification (Dkt. No. 317). I was also provided with the operative pleadings in the case including the Fourth Amended Complaint (Dkt. No. 269 and RK's Answer (Dkt. No. 273).

In addition to a full day, in-person Mediation session in this case, I had a number of follow-up telephonic sessions with counsel in an effort to reach what I independently believe to be a fair and reasonable settlement. I made a Mediator's Proposal to both sides for what I viewed as an appropriate settlement amount given my independent and unbiased analysis and consideration of the strengths and weaknesses of each side's position, the evidence, and the applicable law. My Mediator's Proposal was ultimately accepted by the parties on Thursday evening, March 15, 2012.

In analyzing this class action, I reviewed the claims asserted against RK by Plaintiffs on behalf of the certified class and RK's defenses. I had the opportunity to read the Fourth Amended Complaint ("FAC"), RK's responsive pleadings filed in the case; deposition excerpts submitted by the parties; select written discovery responses and documents (including the Private Placement Memoranda and other materials for the three relevant Funds) submitted by the parties; and charts and other materials provided by each of the parties explaining their respective damages analyses. I read and considered each of the parties' Mediation briefs and submissions, which were thorough and detailed. I took particular note of, and am familiar with, the case law concerning auditor liability and accounting negligence. I also reviewed the case law concerning the claims at issue, as well as recent decisions in the Bernard Madoff Ponzi scheme litigation. I questioned counsel as to their positions and interpretations of the case law. I also reviewed the

2

damages analyses of both sides, and questioned counsel regarding the numbers and methodology presented by each side.

After consideration of each side's position and the criteria required by this Court in evaluating class action settlements, I presented the Mediator's Proposal for a settlement that would require payment by RK of $1.4 million to the class as full settlement of all claims. In formulating my Mediator's Proposal, I evaluated the significant risk factors facing Plaintiffs in pursuing this litigation through trial, and the uncertainty of their ability to maintain and prove the claims and damages through RK's summary judgment attack. I analyzed and weighed the risks to RK in proceeding to trial, the possibility that it would not prevail on its summary judgment motion, and the potential exposure of an unfavorable jury verdict, contrasted against the finality if an appropriate settlement figure could be reached.

Based on my experience, I believe that the Mediator's Proposal is a fair and reasonable settlement of this case. I would be happy to answer any questions the Court may have.

Very truly yours,

Hon. Gary L. Taylor, Ret.

125634

3