UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR W. TUTTLE; ERIC BRAUN; THE BRAUN FAMILY TRUST by its co-trustee ERIC BRAUN; and WENDY MEG SIEGEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKY BELL ASSET MANAGEMENT, LLC et al.<br><br>Defendants. | Case No.: 10-CV-03588 (WHA)<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, the Court has received the Settlement Agreement dated April 6, 2012 between Plaintiffs and Defendant Rothstein Kass & Company, P.C. ("Rothstein Kass") (the "Settlement") filed in the above-captioned litigation (the "Action"), and

WHEREAS, Plaintiffs and Defendant Rothstein Kass (collectively, the "Parties"), have applied for an order determining certain matters in connection with the proposed resolution of the Action, in accordance with the Settlement entered into by the Parties, and for the ultimate final approval of the Settlement and dismissal of the Action as against Rothstein Kass upon the terms and conditions set forth in the Settlement;

NOW, GOOD CAUSE APPEARING, upon consent of the Parties, after review and

consideration of the Settlement filed with the Court and the exhibits annexed thereto, and after due deliberation, IT IS HEREBY ORDERED as follows:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement.

2. The Court preliminarily approves the settlement between the Parties, as set forth in the Settlement, and the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Settlement should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

3. A hearing (the "Settlement Fairness Hearing") shall be held on [a date at least 120 days after the entry of this Order on the docket] _____, 2012, at 8:00 a.m., in the United States District Court for the Northern District of California in Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, the Honorable William Alsup presiding, to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    b. determine whether judgment should be entered pursuant to the Settlement, *inter alia*, dismissing the Action with prejudice and extinguishing and releasing all Released Claims and Settling Defendants' Claims (as defined therein);

    c. determine whether the Plan of Allocation should be approved;

    d. rule on Class Counsel's application for an award of attorneys' fees and the reimbursement of expenses; and

    e. rule on such other matters as the Court may deem appropriate.

4. The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice to Class Members. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE – Case No. 10-CV-03588 (WHA)  
#125670

2

5. The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Settlement and without further notice to Class members.

6. Within fifteen days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice substantially in the form of Exhibit 1 hereto to be mailed by United States mail, postage pre-paid, to all members of the Class, at their last known address appearing in the limited partnership records maintained by or on behalf of the Limited Partnerships, and to identifiable nominees for Class Members.  The fifteenth day after the entry of this Order shall be termed the "Notice Date."

7. Pursuant to the Notice, each nominee shall either: send the Notice to Class Members for which they act as nominee by first class mail within ten days after the nominee receives the Notice; or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten days after the nominee receives the Notice.  In the event of the latter, the Claims Administrator shall send by first class mail the Notice to all Class Members named on the list received from the nominee.  The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.  Class Counsel shall file with the Court and serve upon Defendants' Counsel no later than forty-five days prior to the Settlement Fairness Hearing a declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

8. The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

9. Any member of the Class who objects to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise

1  wishes to be heard, may:

2      a.    file a brief or other writing setting forth the Person's views, provided that no brief or other writing other than those submitted by the Parties and their counsel shall be considered by the Court unless at least twenty-eight days prior to the Settlement Fairness Hearing such brief or other writing shall have been filed with the Court and delivered to counsel listed below, accompanied by documents sufficient to show that the Person is a Class Member; and/or

    b.    appear in person or by the Person's attorney at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant; provided that no such argument shall be permitted by the Court unless at least twenty-eight days prior to the Settlement Fairness Hearing such Person files with the Court and delivers to counsel listed below: (i) a written notice of the Person's intention to appear; (ii) a statement of the Person's objection(s) to any matters before the Court; (iii) all documents or writings the Person desires the Court to consider; and (iv) documents evidencing that the Person is a Class Member.

In addition to being filed with the Court, the documents discussed in this paragraph shall be served on the following:

**Class Counsel:**

Herbert E. Milstein, Esq.
Joshua S. Devore, Esq.
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Solomon B. Cera, Esq.
Gwendolyn R. Giblin, Esq.
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105

**Counsel for Defendant Rothstein Kass:**

Maxwell M. Blecher, Esq.
Maryann R. Marzano, Esq.
BLECHER & COLLINS, P.C.
515 South Figueroa Street, Suite 1750
Los Angeles, CA  90071

Joel M. Wolosky, Esq.
HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, NY 10036

10. Any Person falling within the definition of the Class may, upon request, be excluded from the Settlement. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"). A Request for Exclusion must be received by the Claims Administrator at least forty-two days before the Settlement Fairness Hearing and state in writing: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the Person's transactions in Agile Sky Alliance Fund, LP, Night Watch Partners, LP and/or PipeLine Investors, LP, including the dates, the number of limited partnership units, and price paid for each such unit, and date(s) and amount(s) received for the redemption of any limited partnership units; and (iii) that the Person wishes to be excluded from the Class. Any Person who submits a valid and timely Request for Exclusion shall have no rights under the Settlement and shall not share in the distribution of the Settlement, unless such Person validly retracts the Person's Request for Exclusion. Plaintiffs shall provide Rothstein Kass with all relevant information about all Persons who have opted out of the Class as soon as is practicable, and, in all events, not less than six days after the deadline for opting out of the Class.

11. If this Settlement is not approved by the Court or does not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except for the Plaintiffs' obligations to pay for any expense incurred in connection with the notice and administration provided for by

1  this Order.

2  12.    All proceedings in the Action, other than such proceedings as may be necessary to
3  carry out the terms and conditions of the Settlement, are hereby stayed until further order of this
4  Court.  Pending final determination whether the Settlement should be approved, Plaintiff and all
5  members of the Class are barred and enjoined from commencing or prosecuting any action
6  asserting any claims that are or relate in any way to the Released Claims as defined in the
7  Settlement.

8  13.    Neither the Settlement nor any provisions contained in the Settlement, nor any
9  negotiations, statements, or proceedings in connection therewith, nor any action undertaken
10 pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession
11 on the part of the Plaintiffs, Rothstein Kass, any member of the Class, or any other person or
12 entity, of any liability or wrongdoing by them, or any of them, or as to the strength or weakness
13 of any claim or defense, and shall not be offered or received in evidence in any action or
14 proceeding (except an action to enforce the Settlement contemplated hereby), or be used in any
15 way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and
16 shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiff
17 or any Class Member has or has not suffered any damage.

18 14.    Any submission to the Court in support of approval of the Settlement or the Plan
19 of Allocation, or in support of Class Counsel's application for an award of attorneys' fees and
20 reimbursement of expenses, shall be filed no later than forty-two days before the date scheduled
21 for the Settlement Fairness Hearing.

22 15.    Any response to any timely filed objection to the Settlement, Plan of Allocation or
23 application for an award of attorneys' fees and reimbursement of expenses, shall be filed no later
24 than fourteen days before the date scheduled for the Settlement Fairness Hearing.

25 16.    The Court authorizes payment out of the Settlement Fund of the expenses
26 described in ¶26 of the Settlement Agreement.

27 17.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in
28 accordance with the terms of the Settlement is approved.  No person or entity that is not a Class

1  Member or counsel for the Plaintiffs shall have any right to any portion of, or interest in the
2  distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided
3  in the Settlement.

4  18. The Court hereby approves of Gilardi & Co., LLC as the Claims Administrator in
5  this action.

6  19. All time periods set forth in this order shall be calculated in accordance with the
7  Federal Rules of Civil Procedure, except that where a time period is defined as a certain number
8  of "business days" a business day shall be every day that is not a Saturday, Sunday or holiday or
9  day on which the Court is not open for normal business. To the extent necessary, counsel shall
10 calculate dates and deadlines based on the date that this Order is entered on the docket and the
11 date set in this Order for the Final Fairness hearing.

12 **IT IS SO ORDERED.**

13 Dated: April __, 2012

                                                     _____
                                                     Honorable William H. Alsup
                                                     United States District Judge