United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDGAR W. TUTTLE, ERIC BRAUN, and THE BRAUN FAMILY TRUST by its co-trustee ERIC BRAUN, on behalf of themselves and all others similarly situated

Plaintiff,

v.

SKY BELL MANAGEMENT, LLC, *et al.*,

Defendant.

No. C 10-03588 WHA

**NOTICE REGARDING ISSUES TO BE ADDRESSED AT HEARING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Having reviewed the parties' joint motion for preliminary approval of the class settlement, several concerns regarding the proposed settlement have come to light. Counsel should be prepared to address the following issues at the hearing on April 19, 2012.

1. The scope of the release is broader than the certified claims.

    • How much of the settlement is allocated to claims that were not certified?

    • What discovery and due diligence have been completed with respect to the released claims that exceed the scope of certification?

    • Are the class representatives adequate as to these additional claims?

2. What will be the average size of the checks after all expenses, including attorney's fees, administration fees (specify the projected costs for claims administration), and other costs? What will be the percentage of recovery *after* accounting for these expenses?

3. If this case were to go to trial and plaintiffs won and received a full recovery, what is the maximum recovery they could get out of defendant Rothstein Kass & Company, P.C.?
   • Has defendant exhausted the limits of its insurance?
   • What are the limits of defendant's insurance policy?
   • Is defendant able to respond to a larger judgment?
   • Is defendant still in business?
4. Both parties have conducted depositions.
   • How many depositions have been taken (specify how many depositions have been taken of the auditors)?
   • Who has been deposed (specify which deponents were auditors)?
5. The proposed form of notice requires revision.
   • No form envelope is proposed.
   • Ten business days will be too short a period of time to require class members to submit a disagreement regarding the claims administrator's determination of the recognized claim amount.
   • The notice must clearly state up front, in bold print, that class counsel are seeking at least one third of the class recovery as an award of attorney's fees, plus expenses.
6. The settlement provision calling for a full up-front disbursement of attorney's fees from the settlement fund will not be approved. At least one half of any fees award will be held back until all class payments have been made.
7. Enforcement jurisdiction will not be retained indefinitely. Some horizon must be set when jurisdiction will expire.
8. The damages expert determined that Rothstein Kass' potential liability at trial would be limited to the audit work related to specific investments by Agile Sky, Night Watch, and PipeLine in certain third party partnerships that were themselves invested in what was revealed, in late 2008, to have been Ponzi

schemes conducted by Thomas Petters and Bernard Madoff. Please be prepared to discuss this limitation on liability.

9. Page four of the damages report refers to a chart that shows the losses incurred by Agile Sky, Night Watch, and PipeLine class members arising from the Ponzi schemes in which the investee partnerships were invested. Is the chart referred to the list of calculations made on page 5 of the report? If not, please file the chart referred to on page 4 by **NOON ON APRIL 17, 2012**.

10. The settlement agreement references a "supplemental agreement." The Court has not received a copy of any such agreement. Please file the supplemental agreement by **NOON ON APRIL 17, 2012**. Show all signatures.

**IT IS SO ORDERED.**

Dated: April 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3