United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR W. TUTTLE, ERIC BRAUN, and THE BRAUN FAMILY TRUST by its co-trustee ERIC BRAUN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKY BELL ASSET MANAGEMENT, LLC, *et al.*,<br><br>Defendants._____/ | No. C 10-03588 WHA<br><br>**ORDER REGARDING NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT AND SETTING FAIRNESS HEARING DATE** |

The Court has reviewed the proposed class settlement and hereby directs notice be given to class members, so that a fairness hearing can be held and a determination made as to whether to approve the proposed settlement and how much to award class counsel from the settlement for fees and costs. A fairness hearing will be held at **3:00 P.M ON AUGUST 9, 2012**, in Courtroom 8, on the 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

**1. NO CLAIMS ADMINISTRATOR.**

The Court previously approved the use of a claims administrator to disseminate class notice after the class was certified. No such notice, however was distributed because the parties filed a motion for preliminary approval of the proposed settlement.

Given the change of events, and the small sums involved, the Court has considered the issue anew and does *not* approve the use of a claims administrator in any way, at least at this

1 point. The Court itself is willing to do a substantial amount of work that the lawyers seek to
2 assign to the claims administrator. Having reviewed the proposed class settlement, the Court is
3 concerned that the settlement amount is so small that the fees that would go to the claims
4 administrator will significantly diminish the settlement, and therefore, the net recovery to class
5 members. Thus, the Court and class counsel will be responsible for undertaking some of the
6 tasks that might otherwise have been assigned to the claims administrator. This order outlines
7 such tasks and designates responsibility for performing said tasks.

**2. THE NOTICE.**

9 A revised version of the notice of pendency of class action and proposed settlement and a
10 model request to opt out of the class action or object to the proposed class settlement form
11 ("request form") is appended hereto. The model request form contains a chart titled estimated
12 recovery based on class net recovery of one million dollars. Class counsel shall fill out the chart
13 with the requested information, specific to each class member (as shown in the model request
14 form). Then, class counsel shall mail the class notice along with the personalized request form
15 to each class member. The notice and request form shall be sent together in one envelope. This
16 will not be burdensome on counsel given the small number of class members. Class counsel
17 shall mail all of the notices and request forms on or before **12:01 A.M. ON MAY 30, 2012**. By
18 **NOON ON JUNE 1, 2012**, class counsel must certify, via a declaration signed and sworn to under
19 oath, that all class notices along with the request forms were mailed by 12:01 a.m. on May 30,
20 2012, and state the date of the mailings.

21 By **NOON ON MAY 21, 2012**, class counsel shall submit to the Court: (1) a statement of
22 the average size of the checks to class members (assuming no opt outs) before all proposed
23 expenses are deducted and (2) any proposed changes to the form of class notice and request
24 form.

**3. MEANS OF DISSEMINATION.**

26 All class notices along with the request form shall be mailed by class counsel via first
27 class United States mail. Only the notice and request form shall be contained in the mailings.
28 The notices along with the request forms shall be sent in distinctive envelopes that do not

2

resemble junk mailings. The outside of each envelope shall state that it contains an important notice from the United States District Court. The return address on the envelopes shall read as follows:

> Honorable William Alsup
> U.S. District Court for the Northern District of California
> *In re Rothstein Kass Litigation*, 10-3588 WHA
> Attn: Dawn Toland, Courtroom Deputy Clerk
> 450 Golden Gate Avenue
> San Francisco, CA 94012

The Court will promptly notify class counsel of receipt of returned mail. Class counsel will then be responsible for promptly obtaining a current address for each class member whose notice was returned and re-mailing the notice and request form to the class member's current address.

Class counsel propose to mail the class notice to the addresses reflected on the records used to generate the class list. Previously, class counsel indicated that the class list was "derived from records produced in discovery in this litigation" (Dkt. No. 288 at 2). Class counsel must use the most up-to-date information available to it, in its reasonable exercise of due diligence, to ensure, prior to dissemination of the class notices and request forms, that the addresses to which they will be mailed are correct. Class counsel — not a claims administrator — must disseminate the class notices along with the request forms.

Class counsel also propose that the class notices include a section that brokers and nominees are requested to forward the class notice to class members directly or to provide addresses to the administrator for mailing. No addresses will be provided to the claims administrator, as no claims administrator will be used. The notice has been modified accordingly. Class counsel will be strictly responsible for ensuring that the brokers meet their obligations under the notice. By **NOON ON JUNE 14, 2012**, class counsel must certify, via a declaration signed and sworn to under oath, that they have communicated directly with the securities brokers and have taken all necessary steps to ensure that the securities brokers have mailed the notices along with the request forms to the real parties in interest. Merely sending the class notice will not be enough. The declaration must state the specific steps taken by class counsel.

3

Class counsel does not state one way or another whether each class member will receive only one class notice, regardless of whether the class member is a member of multiple classes. Unless otherwise promptly requested by the parties, each class member shall be mailed one class notice, regardless of whether the class member is a member of multiple classes. The request form mailed to each class member shall include the requested information for each partnership (Agile Sky, PipeLine, or/and Night Watch) in which the class member invested.

Class counsel shall pay all costs associated with disseminating class notice, subject to possible reimbursement, to be determined at the time the Court considers the motion for attorney's fees and costs.

**4. OPT OUTS.**

If someone opts out of the class action, neither side may contact that person without prior Court approval specific to that person. The Court itself will take on the responsibility of receiving the requests to opt out, as well as the objections, and will notify the parties of receipt of requests to opt out and objections in a timely manner.

**5. SCHEDULE.**

The following schedule shall be adhered to strictly:

**NOON ON MAY 21, 2012:**

- Deadline for parties to file any proposed changes to the class notice or/and request form.
- Deadline for parties to request to modify the schedule.

**12:01 A.M. ON MAY 30, 2012:**

- Deadline by which class counsel must mail all class notices along with the request forms.

**NOON ON JUNE 1, 2012:**

- Deadline by which class counsel must submit a signed declaration under oath that all class notices along with the request forms were mailed by the stated deadline and state the date of the mailings.

**NOON ON JUNE 14, 2012:**

- Deadline by which class counsel must submit a signed declaration under oath that they have communicated with the securities brokers and taken all necessary steps to ensure the securities brokers mailed the notices and request

4

forms to the real parties in interest, stating the specific steps taken by class counsel.

**NOON ON JUNE 27, 2012:**

- Deadline for class counsel to file their motion for attorney's fees and costs.

**12:01 A.M. ON JULY 12, 2012:**

- Deadline for class members to mail requests to opt out of the class.
- Deadline for class members to mail their objections to the proposed settlement or/and attorney's fees and costs.

**3:00 P.M. ON AUGUST 9, 2012:**

- Fairness hearing.

**IT IS SO ORDERED.**

Dated: May 16, 2012.

[signature]

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE