IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR W. TUTTLE, ERIC BRAUN, and THE BRAUN FAMILY TRUST by its co-trustee ERIC BRAUN, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKY BELL ASSET MANAGEMENT, LLC, *et al.*,<br><br>Defendants. | No. C 10-03588 WHA<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT**; **ATTORNEY'S FEES** |

**INTRODUCTION**

In this action brought on behalf of owners of limited partnership units, plaintiff moves for final approval of a settlement agreement (Dkt. No. 381). For the reasons stated below, the motion is **GRANTED**. Class counsel also request an award of their fees and costs, which is hereby **GRANTED IN PART**.

**STATEMENT**

The facts of this action have been set forth in previous orders. In October 2011, three classes were conditionally certified (Dkt. No. 264). In February 2012, three classes were certified to pursue class claims for an accounting, unjust enrichment, aiding and abetting breaches of fiduciary duty, and negligence against defendant Rothstein Kass & Company, PC. Class counsel and representatives were also appointed (Dkt. No. 317).

Before the finalized class notices went out, and in violation of this Court's prior order, the parties entered into private mediation and a tentative settlement. In this instance, the parties

were allowed to proceed with filing a proposed settlement agreement. The parties requested approval by the Court prior to the mailing of any class notices.

The parties' proposed settlement agreement settles all claims. Upon reviewing the proposed settlement and after a full hearing, counsel were requested to provide additional information, including (1) the likely amount of recovery of each class member; (2) transcripts of depositions of the auditors; (3) a sworn statement by an expert "that addresses each claim in the complaint, as it relates to the auditors, and explains why each claim is not viable and would not result in recovery of damages in excess of what the damages expert has calculated;" and (4) the total amount of money invested in the three limited partnerships at issue that was lost (Dkt. Nos. 350, 351). After review of these materials, and after the notice of pendency of class action and proposed settlement was thoroughly vetted by the Court (Dkt. No. 363), class counsel were directed to give notice to class members and a fairness hearing was set for August 9. The notice included a description of the claims and informed class members of their right to appear and be heard at the fairness hearing (Dkt. No. 367-1). Appended to the notice was a form request to opt-out or object, which included a chart setting forth the estimated recovery for each class member based on a net settlement fund of one million dollars. Class counsel were directed to fill out the recovery chart with information specific to each class member and to mail the notice and individualized form to each class member. In order to maximize recovery to the class members, the Court denied the use of a claims administrator, and took on a substantial amount of work itself.

Over the course of the notice and opt-out period, the Court received several notices that were returned as undeliverable mail. Counsel were duly notified. Counsel were asked to certify that notices were re-mailed to an updated address and that no notices were returned as undeliverable. No opt-outs or objections from class members were received by counsel or the Court. At the fairness hearing on August 9, no class members appeared. Class counsel informed the Court that there were only three class members for whom mail had been returned as undeliverable and new addresses had yet to be obtained. Each of these class members was

successfully notified and all three filed signed statements affirmatively opting-in to the settlement (Dkt. Nos. 390-1, 390-2, 390-3).

## ANALYSIS

### 1. PROPOSED SETTLEMENT AGREEMENT.

"The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval . . . If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." FRCP 23(e)(2). To determine whether the settlement is fair, adequate, and reasonable, the court considers several factors, "which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir.1982) (citations omitted). These factors are not exclusive, and some factors may warrant more weight than others depending on the circumstances. *Ibid.*

As stated at the August 9 fairness hearing, this settlement should be approved. Although the settlement amount is on the low end, class counsel set forth numerous reasons why recovery would be difficult. For example, in response to a request from the Court, counsel submitted the sworn declaration of damages expert Richard Millman. The expert analyzed each claim against Rothestein Kass and opined that plaintiffs could possibly prevail on a negligence theory, although this would be a "challenging case for plaintiffs" (Dkt. No. 361 at 6-7). He further stated, however, that recovery was unlikely on any other theory, although plaintiffs may recover up to $285,048 on its unjust enrichment claim to the extent that disgorgement of fees would be appropriate.

Class members had an opportunity to opt out of the settlement after learning its terms, which insured that any dissatisfied class members would not be bound. Each notice included an

3

1 individualized statement of estimated recovery as to the specific class member, and included a
2 form to facilitate opting-out or objecting. Every class member has received adequate notice, and
3 none have expressed a desire to opt-out or object. At the fairness hearing, the Court determined
4 that class counsel should receive $400,000 total in fees and costs incurred. Recovery to the class
5 is therefore based on a fund of one million dollars. This is the same estimated amount that was
6 sent in the notice given to each class member. And, as stated above, no class member objected
7 or opted-out of the proposed settlement.

8 Having considered all relevant submissions and all statements made at the fairness hearing, this order finds that the settlement is fair, reasonable, and adequate as required by FRCP 23(e)(2). This order also finds that the class settlement notice was reasonable and adequate, satisfying the requirements of due process and FRCP 23(e)(1). Accordingly, the unopposed motion for final approval of the settlement is **GRANTED** and the settlement is **APPROVED**.

13 Pursuant to paragraph 23 of the settlement agreement (Dkt. No. 341), all claims asserted in this action are **DISMISSED ON THE MERITS**. The participating class members are bound by the settlement and enjoined from bringing, joining, or continuing to prosecute any action asserting the released claims. Counsel shall file a final list of those class members bound by the settlement. Jurisdiction over matters relating to the interpretation, implementation, effectuation, and enforcement of the settlement shall be retained for a period of four years from the date of this order.

20 **2. ATTORNEY'S FEES.**

21 Class counsel originally sought attorney's fees in the amount of $350,000, as well as reimbursement for litigation expenses in the amount of $100,474.24. Counsel were ordered to provide more specific details regarding the calculation of fees and costs in order to determine whether the requested amount was reasonable (Dkt. No. 383). At the fairness hearing, counsel agreed to limit their request for combined fees and costs to $400,000, leaving one million dollars for the class settlement fund. As stated at the fairness hearing, this amount — which includes both fees and expenses and represents 28.5% of the settlement fund — is justified and reasonable.

4

1  Class counsel's request for attorney's fees and costs is therefore **GRANTED IN PART**.
2  Class counsel are awarded $400,000 in attorney's fees and expenses, to be deducted from the
3  $1.4 million settlement fund. Half of the fees and costs may be collected up front, and half will
4  be withheld until all class members are paid and there is no more work to be done. If snafus
5  occur, they may have to be corrected out of the withheld half.

## CONCLUSION

For the foregoing reasons, final approval of the settlement agreement is **GRANTED** and the settlement is **APPROVED**. Pursuant to paragraph 23 of the settlement agreement, all claims asserted in this action are **DISMISSED ON THE MERITS** as to the class members participating in this settlement. Counsel shall file a final list of those class members bound by the settlement, who are enjoined from bringing, joining, or continuing to prosecute any action asserting the released claims. Jurisdiction over matters relating to the interpretation, implementation, effectuation, and enforcement of the settlement shall be retained for a period of four years from the date of this order. Counsel are awarded fees and expenses **IN THE AMOUNT OF $400,000**, with half to be paid now and half to be withheld until all the work is complete. To the extent class counsel choose to use the services of a class administrator, no expenses or fees may be taken from the one million dollars reserved for settlement with class members.

**IT IS SO ORDERED.**

Dated: October 10, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE